Irwin B. Schwartz (Cal. Bar No. 141140)
ischwartz@blaschwartz.com
BLA Schwartz, P.C.
515 S. Flower Street 18th Floor
Los Angeles, California 90071
Phone:  213-785-3683
Fax:     213-785-3684

*Counsel for California State Teachers' Retirement System*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CORINNE GONSALVES, Individually and on Behalf of All Others Similarly Situated, <br><br>            Plaintiff, <br><br>      vs. <br><br> BLOCK, INC., JACK DORSEY, and AMRITA AHUJA, <br><br>            Defendants. | Case No.: 5:25-cv-00642-NW <br><br> Date: April 9, 2025 <br> Time: 9:00 a.m. <br> Location: Courtroom 3, 5th Floor, <br>            United States District Court <br>            280 South First Street <br>            San Jose, California <br><br> **MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF TOLLING THE STATUTE OF REPOSE** |

The California State Teachers' Retirement System ("CalSTRS"), a putative class member in the above-captioned civil case, hereby moves to intervene (the "Motion"), to be heard on April 9th, 2025, at 9:00 am in Courtroom 3, 5th Floor, United States District Court, 280 South First Street, San Jose, California, or as soon thereafter as convenient for the Court.

**SUMMARY OF RELIEF SOUGHT**

A federal court "may allow anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B). As the United States Supreme Court suggested, a "simple motion to intervene . . . may well suffice" to protect class members' interests in their claims, and their rights to litigate on an individual basis. *California Pub. Employees' Ret. Sys. v. ANZ Sec., Inc*., 137 S. Ct. 2042, 2054 (2017).  *See also*

MOTION TO INTERVENE FOR LIMITED PURPOSE

*Police and Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 106 (2d Cir. 2013) (motion to intervene preserves individual class members rights against expiration of statute of repose). CalSTRS hereby moves to intervene for the sole purpose of protecting its claims as alleged in the complaint in this matter from the expiration of the statute of repose.[1] By this motion to intervene, CalSTRS provides defendants notice of CalSTRS' claims as alleged in the complaint in this action to toll the statute of repose. CalSTRS does not seek appointment as lead plaintiff or to otherwise interpose itself into this action in any way. Instead, CalSTRS seeks to preserve its status as a putative class member, with the attendant rights and protections, knowing that it has protected the full value of its claims as alleged here if it later determines it is prudent to seek to prosecute them individually.

## BACKGROUND

In her Class Action Complaint For Violation of the Federal Securities Law (the "Complaint"), plaintiff Corrine Gonsalves alleges, among other things, that defendant Block, Inc. ("Block") and two of Block's officers violated §§10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§78j(b) and 78t(a), and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5, 15 U.S.C. § 78aa (the "34 Act"), by making false and misleading statements and failing to disclose Block's alleged ineffective anti-money laundering and know your customer protocols. The Complaint alleges that Block's false and misleading conduct began on February 26, 2020. (Docket No. 1 ¶ 22). CalSTRS bought shares of Block stock during the alleged class period, including during the period immediately after February 26, 2020, and held shares through the end of the class period.[2]

---

[1]    CalSTRS conferred with plaintiff's counsel, who indicated that plaintiff will not oppose the relief sought in this motion. No counsel for defendants has noticed an appearance.

[2]    CalSTRS is willing to provide counsel with copies of CalSTRS' relevant transaction history in Block securities and to submit it for in camera review upon request.

MOTION TO INTERVENE FOR LIMITED PURPOSE

<u>**ARGUMENT**</u>

**I.    CALSTRS' LIMITED INTERVENTION IS APPROPRIATE**

A federal court "may allow anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). A party must bring a claim within five years of a violation of the 34 Act or that claim will be barred by a statue of repose. 28 U.S.C. § 1658.  In *ANZ*, the Supreme Court held that a statute of repose cannot be equitably tolled and thus *American Pipe Const. Co. v. Utah*, 414 U.S. 538 (1974), which tolls a statute of limitations once a class action lawsuit is filed, does not toll a statute of repose for passive putative class members. 137 S. Ct. 2042, 2052-53, 2055.  *See also IndyMac MBS*, 721 F.3d at 112 (passive class members might file timely motions to intervene to protect their claims from the expiration of a statute of repose).  Moreover, in class action proceedings, the Court has the power to issue orders giving class members the opportunity "to intervene and present claims or defenses, or to *otherwise come into the action*."  Fed. R. Civ. P. 23(d)(1)(B)(iii) (emphasis added).

This approach to tolling the statute of repose was approved for CalSTRS' benefit by the United States District Court in *In re Teva Sec. Litig.,* 3:17-cv-00558-SRU, Dkt. No. 281 (D. Conn.). Likewise, following the *Teva* decision, this approach was approved for the benefit of a group of investment funds associated with Fred Alger Management, Inc.  *Bos. Ret. Sys. v. Alexion Pharms., Inc.*, No. 3:16-cv-2127(AWT), Dkt. No. 208 (D. Conn.) (a copy of the *Alexion* decision is attached hereto).  As the court explained in *Alexion,* "'[i]ntervention is . . . permissible in class actions' and 'should be liberally allowed' because 'members of a class are normally bound by the judgment in the class action.'"  *Id.* at 3 (quoting *Diduck v. Kaszycki & Sons Contractors, Inc.*, 149 F.R.D. 55, 58 (S.D.N.Y. 1993)).  The Middle District of Tennessee also permitted putative class members to intervene for this purpose.  *In re Envision Healthcare Corp. Sec. Litig.*, 3:17-cv-01112, Dkt. No. 315 (M.D. Tenn.)(a copy of the *Envision* decision is attached hereto).

Here, the Complaint alleges, among other things, that defendants violated the 34 Act commencing on February 26, 2020, when Block issued a shareholder letter and filed its Form 10-K that announced its fourth quarter 2019 and full-year 2019 financial results that failed to disclose that

MOTION TO INTERVENE FOR LIMITED PURPOSE

Block had engaged in widespread and years-long compliance lapses at Square and Cash App, including by:

- failing to conduct basic due diligence regarding its customers' identities or the nature of customer transactions so as to prevent the platforms from being used for illegal or illicit activities (Complaint ¶ 50(a));

- Block had effectively created a haven for widespread illegal and illicit activities on its Square and Cash App platforms by imposing minimal obligations on customers seeking to open accounts, transact, and deposit or withdraw funds; encouraging the use of bitcoin; and pressuring the Company's banking partners to forgo ordinary KYC due diligence activities (Complaint ¶ 50(b));

- thousands of transactions on Square and Cash App were made in connection with a wide variety of illegal and illicit activities, including, *inter alia*, money laundering, child sexual abuse, sex trafficking, drug trafficking, terrorism financing, contract killings, and illicit payments to entities and persons subject to economic sanctions (Complaint ¶ 50(c));

- Block allowed its customers to withdraw funds even after the accounts had been flagged for potentially illegal or illicit activities (Complaint ¶ 50(d));

- Block customers could open up multiple accounts using fake identities in order to engage in illegal or illicit activities (Complaint ¶ 50(e));

- Block's senior leadership and the Board had failed to correct identified compliance deficiencies despite numerous red flags, internal employee reports of deficiencies, and customer complaints (Complaint ¶ 50(f));

- Block's Cash App user metrics had been artificially inflated through the use of fake accounts and the ability of criminals and other bad actors to open multiple accounts (Complaint ¶ 50(g)); and

- as a result, Block was subject to a material, undisclosed risk of its conduct being exposed, thereby exposing the Company to reputational harm, adverse regulatory actions, the loss of

MOTION TO INTERVENE FOR LIMITED PURPOSE

business activity, and adverse impacts to the Company's operations and financial results. (Complaint ¶ 50(h)). The Complaint also alleges a series of similar misstatement or omissions in 2023 and through April 30, 2024, in Block's response to a critical report issued by Hindenburg Research on March 23, 2023, and later SEC filings (Complaint ¶¶ 51-63).

The first expiration date for the statute of repose for 34 Act claims arising from the violations alleged in the Complaint is February 26, 2025, and the statute of repose will run on the five-year anniversary of each subsequent alleged misleading statement or omission. 28 U.S.C. § 1658 (five-year statute of repose). During the alleged class period of February 26, 2020, through April 30, 2024, CalSTRS purchased 606,046 Block shares and estimates its maximum recoverable damages to exceed $10.8 million.

By this motion, CalSTRS follows guidance from the Supreme Court and the Second Circuit that passive class members may preserve their claims from the expiration of the statute of repose by moving to intervene. CalSTRS is a member of the alleged class and CalSTRS' claims against the Block defendants share common questions of law and fact with Ms. Gonsalves federal securities claims in the Complaint, arise under the same conduct and, therefore, intervention is appropriate. Fed. R. Civ. P. 24; *Envision Healthcare*, at 11 (proposed intervenor's claims easily satisfied this factor). Allowing CalSTRS to intervene for the limited purpose of tolling the statute of repose will not prejudice any of the parties as this case is in its earliest stages and allowing this motion will not cause any delay as CalSTRS is already a passive putative class member and does not seek to bring additional claims against any additional parties. There will be no additional discovery because CalSTRS is not seeking to become a lead plaintiff and seeks to retain the protections against discovery that apply to passive class members. *McPhail v. First Command Fin. Plan., Inc.,* 251 F.R.D. 514, 514–20 (S.D. Cal. 2008) (denying discovery to absent class members in securities fraud case applying analysis in *Clark v. Universal Builders, Inc.,* 501 F.2d 324, 340–42 (7th Cir.1974)).

MOTION TO INTERVENE FOR LIMITED PURPOSE

## II.    NO SEPARATE COMPLAINT IS REQUIRED

While Rule 24 indicates that a motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which the intervention is sought," where an attached pleading would be surplusage, courts waive Rule 24's requirement of attaching a proposed pleading. *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009) ("Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion" *quoting Beckman Indus., Inc. v. International Ins. Co.,* 966 F.2d 470, 474 (9th Cir.1992)).  Indeed, as Professor Kane points out, "if the intervenor is content to stand on the pleading an existing party has filed, it is difficult to see what is accomplished by adding to the papers in the case a new pleading that is identical in its allegations with one that is already in the file."  7C Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, A. Benjamin Spencer, & Adam N. Steinman, Federal Practice and Procedure § 1914 (3d ed. 2018).

Here, CalSTRS declined to engage in the pointless exercise of attaching a *pro forma* copy of the Complaint because CalSTRS is moving to intervene for the sole purpose of protecting its claims *as alleged* in the Complaint.  This is adequate notice to the defendants of CalSTRS' claims and they will suffer no prejudice from CalSTRS' decision not to attach a *pro forma* copy of the Complaint to the Motion.  In any event, the reference in the Motion to the Complaint is enough under Fed. R. Civ. P. 10(c) to constitute an adoption by reference, and "[p]leadings must be construed so as to do justice."  Fed. R. Civ. P. 8(e).

## CONCLUSION

The sole purpose of this Motion is to allow CalSTRS, a public pension fund fiduciary tasked with preserving the value of its beneficiaries' retirement funds, to avoid the risk of a time-bar against its claims if the case is later dismissed on procedural grounds and to preserve meaningful opt-out rights if a class is certified. The alternative would be for CalSTRS to file its own separate action against the Block defendants to toll the statute of repose, which would be contrary to judicial efficiency and require the unnecessary expenditure of resources by the parties. Accordingly,

MOTION TO INTERVENE FOR LIMITED PURPOSE

CalSTRS respectfully requests that the Court grant this motion to allow it to intervene for the limited purpose of preserving its claims against the expiration of the statute of repose, but also confirm that CalSTRS will nevertheless remain a passive member of the putative class with all the associated rights and protections.

DATED: February 26, 2025

Respectfully Submitted,

BLA Schwartz, P.C.

/s/ Irwin B. Schwartz
Irwin B. Schwartz (Cal. Bar No. 141140)
ischwartz@blaschwartz.com
BLA Schwartz, P.C.
515 S. Flower Street, 18th Floor
Los Angeles, California 90071
Phone:  213-785-3683
Fax:     213-785-3684

*Counsel for California State Teachers' Retirement System*

MOTION TO INTERVENE FOR LIMITED PURPOSE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------- x
BOSTON RETIREMENT SYSTEM,          :
Individually and On Behalf of      :
All Others Similarly Situated,     :
                                   :
          Plaintiff,               :
                                   :
v.                                 :
                                   :  Civil No. 3:16-cv-2127 (AWT)
ALEXION PHARMACEUTICALS, INC.,     :
LEONARD BELL, DAVID L. HALLAL,     :
VIKAS SINHA, DAVID BRENNAN,        :
DAVID J. ANDERSON, LUDWIG N.       :
HANTSON, and CARSTEN THIEL,        :
                                   :
          Defendants.              :
-------------------------------- x
```

<u>**ORDER RE MOTION TO INTERVENE**</u>

For the reasons set forth below, the Motion to Intervene by Putative Class Member Alger for the Limited Purpose of Preventing Claim Expiration Under the Statute of Repose (ECF No. [164]) is hereby GRANTED.

Putative class member Alger (as defined in the motion) moves "pursuant to Federal Rule of Civil Procedure 24(b)(1)(B) to intervene in this matter for the sole and limited purpose of protecting certain of their individual claims, as alleged in the operative class action complaint, from expiration under the Securities Exchange Act of 1934's statute of repose." Mem. in Supp. of Mot. To Intervene ("Alger Mem.") (ECF No. 164-1) at 1. "In seeking intervention, Alger explicitly does *not* seek to be

-1-

appointed as a representative plaintiff or to otherwise interpose itself into this action in any way." Id. at 2. Alger identifies the misstatements as alleged in the Second Amended Complaint with respect to which it seeks to preserve its rights by filing a motion to intervene. See id. at 9 n.5. "Alger seeks only to preserve its status as a putative class member, with all attendant rights and protections, and to prevent its claims from being extinguished in the event that the case later develops in a way that would cause it to exercise its opt-out rights or be forced to bring its own claims." Id.

As Alger explains:

> If Alger does nothing, Alger's individual claims will be extinguished by the statute of repose; should this Court ultimately deny class certification, Alger will be left without a remedy. Should this Court ultimately grant certification, Alger will have no meaningful right to opt out of the class action. The elimination of Alger's claims, or the rendering of its opt out rights as illusory, would prejudice Alger should this Court deny Defendants' motion to dismiss. But, Alger also is in no position to determine whether it should file an individual action at this early stage, because it does not know whether its individual claims are viable or if the class remedy is adequate. If Alger prematurely files an individual complaint now and the Court grants Defendants' motion to dismiss the class action, resources will be wasted by Alger, the parties, and the Court.

Id. at 2.

Fed. R. Civ. P. 24(b) provides in pertinent part that, "[o]n timely motion, the court may permit anyone to intervene who: . . . has a claim or defense that shares with the main

-2-

action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Intervention is also permissible in class actions" and "should be liberally allowed" because "members of a class are normally bound by the judgment in the class action." Diduck v. Kaszycki & Sons Contractors, Inc., 149 F.R.D. 55, 58 (S.D.N.Y. 1993) (citation omitted). "The principal guide in deciding whether to grant permissive intervention is 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" United States v. Pitney Bowes, Inc., 25 F.3d 66, 73 (2d Cir. 1994) (quoting Fed. R. Civ. P. 24(b)). "The court also will consider whether the applicant will benefit by intervention." U.S. Postal Serv. v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978).

The court agrees with the movant that the motion is supported by the Supreme Court's language in California Public Employees' Retirement System v. ANZ Securities, 137 S. Ct. 2042, 2051 (2017) ("A simple motion to intervene or request to be included as a named plaintiff in the class-action complaint may well suffice" to "protect[] their right to litigate on an individual basis."). The granting of the motion is also supported by the Second Circuit's language in Police & Fire Retirement System of the City of Detroit v. IndyMac MBS, Inc., 721 F.3d 95, 112 (2d Cir. 2013) ("The proposed intervenors . . . could have avoided the operation of the Section 13 statute of

-3-

repose simply by making timely motions to intervene in the action as named plaintiffs . . . ."). See also Sjunde AP-Fonden v. Gen. Elec. Co., 417 F.Supp.3d. 379, 392 ("[T]he statute of repose bars Plaintiffs' claims . . . which were not timely raised in an earlier complaint or motion to intervene.").

The defendants argue that the motion should be denied because "Alger has failed to adhere to the fundamental requirements of Federal Rule of Civil Procedure 24" because the motion to intervene is not accompanied by a separate pleading. Defs.' Mem. (ECF No. 170) at 2. The key case in this circuit is Abramson v. Pennwood Inv. Corp., 392 F.2d 759 (2d Cir. 1968). However, Abramson does not mandate denial of the instant motion. The court finds persuasive the analysis in Connecticut Fine Wine & Spirits, LLC v. Harris, 2016 WL 99676919 (D. Conn. Nov. 8, 2016). There, where "the putative intervenors' reference to the original complaint failed to comply with the unique requirements applicable to shareholder derivative actions," the court concluded that "the Circuit quite logically affirmed the district judge's dismissal pursuant to Rule 24(c), without explicitly mandating pleadings be filed with all motions to intervene." Id. at *3.

The defendants express a concern that the movant "has not made clear the future claims it seeks to assert." Defs.' Mem. at 4. The court agrees with the movant that "any such 'future

-4-

claims' are irrelevant, as the Motion only seeks intervention to preserve as timely the claims alleged in the Second Amended Complaint. Defendants will be able to challenge any 'future claims' on the full suite of grounds they desire." Reply Mem. in Supp. of Mot. To Intervene ("Alger Reply") (ECF No. 176) at 7-8. Nor does the court need to address for purposes of this motion the defendants' argument that "the 'wait and see' approach permitted under the *American Pipe* tolling doctrine applies *only* to statutes of limitations, not statutes of repose." Defs.' Mem. at 4-5 (emphasis omitted).

It is so ordered.


Dated this 28th day of January 2022, at Hartford, Connecticut.


/s/AWT
_____
Alvin W. Thompson
United States District Judge

IN THE UNITED STATES DISTRIC COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| IN RE ENVISION HEALTHCARE | ) | |
| CORPORATION SECURITIES LITIGATION | ) | |
| | ) | |
| | ) | **Case No. 3:17-cv-01112** |
| **This Document Relates to:** | ) | |
| | ) | **(Consolidated with Case Nos.** |
| **ALL ACTIONS** | ) | **3:17-cv-01323 and 3:17-cv-01397)** |
| | ) | |
| | ) | **Judge Campbell/Frensley** |

## ORDER

## I. INTRODUCTION

In these consolidated securities fraud cases, Plaintiffs allege, among other things, that Defendant Envision Healthcare Corporation ("Envision") engaged in misrepresentations and omissions related to its out-of-network billing practices. Docket No. 88 (Consolidated Class Action Complaint), p. 5-6. Defendants deny the allegations and moved to dismiss the Complaint. Docket Nos. 122, 123, 125, 126. The Court ruled on Defendants' Motions, and some of Plaintiffs' claims survived. Docket No. 152.

This matter is now before the Court upon a "Motion to Intervene by Putative Class Member for the Limited Purpose of Preventing Claim Expiration Under the Statute of Repose" filed by Corvex Master Fund LP and Corvex Select Equity Master Fund LP (collectively, "Corvex"). Docket No. 258. Corvex has also filed a Supporting Memorandum. Docket No. 259. Defendants have filed a Response in Opposition, and Corvex has filed a Reply. Docket Nos. 279, 285. Plaintiffs have stated that they take no position on the Motion. Docket No. 259, p. 1, n.2. For the reasons set forth below, Corvex's Motion (Docket No. 258) is GRANTED.

## II. LAW AND ANALYSIS

### A. Corvex's Motion to Intervene and the Applicable Statute of Repose

Corvex asserts that it is a "putative class member of the Envision class action" that claims membership in the class "by virtue of the fact that Corvex (1) purchased Envision securities during the Class Period and (2) held those securities through certain alleged disclosures, causing Corvex damages." Docket No. 259, p. 5. Corvex seeks to intervene in this matter "for the sole and limited purpose of protecting certain of [its] individual claims, as alleged in the amended class complaint (Dkt. No. 88), from expiration under the Securities Exchange Act of 1934's statute of repose." *Id.* at 1 (footnote omitted). "Corvex explicitly does *not* seek appointment as a representative plaintiff or to otherwise interpose itself into this action in any way." *Id.* at 4.

Corvex maintains that it has claims against Defendants under the Securities Exchange Act of 1934 that are subject to the Exchange Act's two-year statute of limitations, which is tolled by the pendency of a class action, but that tolling is subject to forfeiture it if files an individual action before a decision is made on class certification. *Id.* at 2. But, its claims are also subject to the Act's five-year statute of repose, which is not tolled by the pendency of a class action. *Id.* Corvex argues that if it waits until a decision is made on class certification to assert its claims, those individual claims will be "significantly curtailed, if not eliminated, by the five-year statute of repose." *Id.* at 3.

Claims under §§ 10(b) and 20(a) of the Securities Exchange Act must be filed within the earlier of "(1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation." 28 U.S.C. § 1658(b). Courts have interpreted this provision as imposing a two-year statute of limitations and a five-year statute of repose. *See Merck & Co. v. Reynolds*, 559 U.S. 633, 638, 650 (2010); *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*,

2

821 F.3d 780, 787 (6th Cir. 2016).  The Supreme Court has held that, under certain circumstances, "the commencement of the original class suit tolls the running of the statute [of limitations] for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status."  *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 552-53 (1974).  This doctrine is known as "*American Pipe* tolling."

Under a different line of reasoning, the Supreme Court has held that *American Pipe* tolling does not apply to the statutes of repose in federal securities laws.  *California Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2051 (2017).  For those class members concerned about their right to litigate on an individual basis, the Court suggested that "a simple motion to intervene . . . may well suffice" to protect class members' right to litigate their individual claims.  *Id.* at 2054.  While Corvex asserts that courts in some Circuits have held that *American Pipe* tolling applies to individual actions filed before or after the class certification decision, in the Sixth Circuit, when a putative class member asserts an individual claim prior to the court's decision on class certification, it forfeits *American Pipe* tolling.  *Wyser-Pratte Mgmt. Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 568-69 (6th Cir. 2005).  This is known as "*Wyser-Pratte* forfeiture."  Corvex argues that "[a]s a result of the *Wyser-Pratte* rule, Corvex could not and still cannot timely file a separate action to preserve its claims against Defendants, as it could in, at minimum, the Second, Ninth and Tenth Circuits."  Docket No. 259, p. 8.

The Sixth Circuit has acknowledged the "bind" that this creates for putative class members in Corvex's situation:

> We recognize that if a lawsuit asserts causes of action subject both to a statute of limitations and a statute of repose, a putative class member in our Circuit is placed in a bind: beyond the repose period, no putative class member may file an action, even if the district court has yet to rule on class certification.

3

. . .

> However, *Wyser-Pratte* imposes an additional hurdle: if a putative
> class member files a separate action between the lapse of the
> limitations period and of the repose period, that action is barred
> because of *Wyser-Pratte's* forfeiture rule.  Thus, a concerned
> potential plaintiff must file within the limitations period or be out
> of luck.

*Stein*, 821 F.3d at 795, n.6.

Corvex argues that as the five year statute of repose "looms" on claims made in 2016 and 2017, unless Corvex intervenes in this action, its individual rights as a putative class member will be eliminated by the five-year statute of repose.  Docket No. 259, p. 2-3.  This will have the effect of either destroying claims that might otherwise be successful (if the Class is not certified) or rendering Corvex's opt-out rights illusory (if the Class is not ultimately certified), because the statute will have run on the individual claims.  *Id.*

If class certification is denied, intervention prevents the extinguishment of Corvex's claims under the Exchange Act.  If class certification is granted, intervention preserves Corvex's meaningful right to opt-out or not once it is able to assess the class remedy.  Corvex argues that:

> This comports with the goals of Rule 23, Rule 24, the *American
> Pipe* tolling doctrine, and the PSLRA, by allowing passive class
> members to provide Defendants notice of individual claims
> without disrupting the class action, while preserving the
> meaningful right to act independently of the class, whether
> certified or not.

Docket No. 285, p. 2.

### B.  **Permissive Intervention Under Rule 24**

Intervention is governed by Rule 24, which states in relevant part:

> On timely motion, the court may permit anyone to intervene who:

4

. . .

> has a claim or defense that shares with the main action a common
> question of law or fact.

. . .

> In exercising its discretion the court must consider whether the
> intervention will unduly delay or prejudice the adjudication of the
> original parties' rights.

Fed. R. Civ. P. 24(b).

The Court of Appeals for the Sixth Circuit has held that "[s]o long as the motion for intervention is timely and there is at least one common question of law or fact," the court should balance undue delay, prejudice to the original parties, and any other relevant factors. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997). Rule 24 should be "broadly construed in favor of potential intervenors." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000), *quoting Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991) (internal quotation marks omitted).

## 1. <u>Timeliness</u>

Timeliness of a motion to intervene is a "threshold issue." *Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011); Fed. R. Civ. P. 24(b). "An application for permissive or intervention of right must be timely." *Michigan Assoc. for Retarded Citizens v. Smith*, 657 F.2d 102, 105 (6th Cir. 1981). "If untimely, intervention must be denied." *Stotts v. Memphis Fire Dep't*, 679 F.2d 579, 582 (6th Cir. 1982). To determine whether intervention is timely, courts consider several factors, including: a) the length of time preceding the application for intervention during which the proposed intervenor knew or reasonably should have known of its interest in the case; b) the point to which the suit has progressed; c) the purpose for which intervention is sought; d) the prejudice to the original parties due to the proposed intervenor's

5

failure to promptly move to intervene after it knew or reasonably should have known of its interest in the case; and e) the existence of unusual circumstances weighing for or against intervention. *Michigan Assoc. for Retarded Citizens*, 657 F.2d at 105.

### a) <u>Length of Time Preceding the Application</u>

This action commenced on August 4, 2017, with the filing of the original Complaint. Docket No. 1. The Consolidated Class Action Complaint was filed nearly six months later, on January 26, 2018. Docket No. 88. Corvex filed its Motion to Intervene three years after that, on February 26, 2021. Docket No. 258. Corvex does not address the lengthy gap between these dates, but argues that its Motion is "timely, as it is filed before the statute of repose would curtail or remove federal securities liability for misstatements made in Envision's 10-K for 2015 filed with the SEC on February 28, 2016 (and before other misstatements alleged in the Class Action after February 28, 2016)." Docket No. 259, p. 6. Additionally, Corvex asserts that "the purpose of the timeliness inquiry focuses on preventing the intervenor from derailing a lawsuit within sight of the terminal," and contends that "[t]here is no disruption, no deadlines will move, and nothing at all will change with respect to the Class Action" because it "does not intend to interfere [or even participate] in the Class Action in any way." Docket No. 285, p. 5, *quoting U.S. v. BASF-Inmont Corp.*, No. 93-1807, 1995 WL 234648, *2 (6th Cir. 1995); Docket No. 259, p. 6 (internal quotation marks omitted).

While these are all factors to be considered, none of them go to the issue of the vast length of time between when Corvex knew or should have known of its interest in this case and the date that it filed its Motion to Intervene. Corvex does not argue that it only recently learned of this action, or that it was somehow prevented from moving sooner. *See* Docket Nos. 259, 285. Even supposing that Corvex was waiting to see which, if any, claims would survive a motion to

dismiss, the Court ruled on Defendants' motion on November 19, 2019.  Docket No. 152.

Corvex offers the following explanation as to why it did not then move to intervene:

> As a result of the *Wyser-Pratte* rule, Corvex could not and still cannot timely file a separate action to preserve its claims against Defendants, as it could in, at minimum, the Second, Ninth and Tenth Circuits.  After the Court's motion to dismiss ruling of November 19, 2019 or at any time when class certification was pending, an individual action by Corvex would have been likely deemed untimely, as both occurred more than two years after the last disclosure of October 31, 2017 alleged in the Class Complaint.

Docket No. 259, p. 8, *citing Western & Southern Life Ins. Co. v. JPMorgan Chase Bank, N.A.*,

54 F. Supp. 3d 888, 912 (S.D. Ohio 2014) (holding that plaintiff forfeited its right to *American*

*Pipe Tolling* by filing an independent action before it was determined whether the class

certification issue would be decided).

While Corvex's desire to avoid potential forfeiture of the statute of limitations tolling

under the Sixth Circuit's decision in *Wyser-Pratte* explains its failure to earlier file an

independent action, it does not explain why Corvex did not move to intervene sooner in the life

of this lawsuit.  Therefore, this factor weighs against intervention.

### b)  <u>Point to Which the Suit Has Progressed</u>

Defendants argue that this matter is at a "late stage of proceedings:"

> The Court ruled on Defendants' motion to dismiss over a year ago in 2019.  Lead Plaintiffs have already been selected, document production is nearly complete, and class certification depositions have already occurred.  The parties are currently in the middle of class certification briefing.  Such an advanced procedural posture weighs against intervention.

Docket No. 279, p. 9 (citations omitted).

Corvex does not argue otherwise; rather, it contends that its intervention would have no

impact on the case's progress.  *See* Docket Nos. 259, 285.  This goes to the other factors below;

however, it does not change the fact that this four year-old case has indeed progressed considerably. This factor weighs against intervention.

### c) Purpose for Which Intervention is Sought

As discussed above, Corvex seeks to intervene in this matter "for the sole and limited purpose of protecting certain of [its] individual claims, as alleged in the amended class complaint (Dkt. No. 88), from expiration under the Securities Exchange Act of 1934's statute of repose." Docket No. 259, p. 1 (footnote omitted). Corvex argues that preservation of its claims is its only goal in intervening: "Corvex explicitly does *not* seek appointment as a representative plaintiff or to otherwise interpose itself into this action in any way." *Id.* at 4.

The Court has already discussed the interplay between the applicable statute of repose, the class certification decision in this case, and Corvex's claims. At this stage (and particularly because Corvex did not actually attach a proposed pleading) the Court cannot say whether Corvex's claims are meritorious. But, preservation of potentially valuable claims is a valid reason to seek intervention, and weighs in its favor.

### d) Prejudice to the Original Parties

Corvex contends that:

> There is no prejudice or undue delay if Corvex is allowed to intervene because Corvex is not seeking to become a lead plaintiff or other representative party, is not seeking to disrupt or interfere with the Class Action in any way, and expressly seeks to retain the protections against discovery that apply to passive class members. Granting Corvex's motion will have no impact on the litigation of the Class action, including on class certification.

Docket No. 259, p. 6 (citation and footnote omitted).

Defendants disagree:

> If Corvex is permitted to intervene and file claims that are essentially duplicative of those contained in the Class Action

8

> Complaint (including those claims that already have been
> dismissed once), Defendants will be forced to re-file motions to
> dismiss regarding claims that are now obviously time-barred under
> applicable law, unnecessarily wasting the resources of both
> Defendants and the Court during class certification briefing and
> fact discovery.

Docket No. 279, p. 11.

The Court agrees that Defendants should not have to re-file their motion to dismiss on claims that have already been addressed by the Court.  As mentioned above, Corvex did not file a proposed Complaint; indeed, it is not clear that Corvex ever will file individual claims.  *See* Docket No. 259, p. 9.  Instead, Corvex asserts that it incorporates the Consolidated Class Action Complaint by reference.  *Id.* at 4, *citing* Docket No. 88.  If Corvex does assert individual claims, Defendants will of course incur a burden in responding to them.  Presumably, it would not be a great burden to Defendants to respond once again to claims it has already contested.  Additionally, any such burden is slight compared to the harm to Corvex of having its claims forever extinguished.

As to whether Corvex's claims are, as Defendants argue, "obviously time-barred," the question of whether the claims of a proposed intervenor are meritorious or would be successful is not before the Court on a motion to intervene.  The precise question presented here is whether there will be prejudice to the original parties due to the proposed intervenor's failure to promptly move to intervene after it knew or reasonably should have known of its interest in the case. *Michigan Assoc. for Retarded Citizens*, 657 F.2d at 105.  Because it does not appear that Corvex's intervention would affect the original Parties in any way, this factor weighs in favor of intervention.

9

### e) **Unusual Circumstances**

Neither Corvex nor Defendants have identified any unusual circumstances that bear on the issue of timeliness, and the Court is not aware of any.  This factor is therefore neutral as to the propriety of intervention.

Having assessed all of the relevant factors and weighed their relative importance and impact, the Court finds that Corvex's Motion is timely.

### 2. **Common Question of Law or Fact**

Corvex contends that this factor is easily satisfied here:

> Corvex is a member of the asserted class, and thus its claims necessarily share common questions of law and fact with those of the class; Corvex's federal securities claims arise out of the same misconduct (misrepresentations and omissions) alleged in the Class Complaint.

Docket No. 259, p. 5.

Defendants argue that because Corvex did not submit a proposed pleading, "neither the parties nor the Court can adequately determine whether Corvex actually has a 'claim or defense that shares with the main action a common question of law or fact[,]' as required by Rule 24." Docket No. 279, p. 4.  Defendants maintain that "Corvex does not even attempt to, for example, plead, argue, or prove that it is in fact a putative class member." *Id.*

This last point is not strictly true: Corvex does argue that it is "a class member by virtue of the fact that Corvex (1) purchased Envision securities during the Class Period and (2) held those securities through certain alleged disclosures, causing Corvex damages." Docket No. 259, p. 5.  As to the details of Corvex's claims, Corvex maintains that they are identical to those contained in the Consolidated Class Complaint, which Corvex incorporates by reference. *Id.* at

10

4.  That being the case, Corvex's claims could not have more in common with the claims in this action.  This factor is satisfied.

### 3.  Undue Delay

Because Corvex does not intend to take any action (other than intervening), the Court does not perceive any undue delay associated with intervention, and this factor weighs in favor.

### 4.  Prejudice to the Original Parties

As discussed above, it appears unlikely that intervention will cause prejudice to the original Parties.  This factor weighs in favor of intervention.

### 5.  Other Relevant Factors

Neither Defendants nor Corvex have identified any other relevant factors.  While Defendants do characterize Corvex's failure to attach a proposed pleading as "not a mere technical defect," the Sixth Circuit has declined to deny a motion to intervene on the basis of failure to satisfy the requirement to attach a proposed pleading.  *See League of Women Voters of Michigan v. Johnson*, 902 F.3d 572, 580 (6th Cir. 2018) ("We take[] a lenient approach to the requirements of Rule 24(c),") (internal quotation marks omitted; alteration in original).  In light of the Sixth Circuit's directive that Rule 24 should be "broadly construed in favor of potential intervenors," the Court will not deny the Motion on that basis alone.  *Stupak-Thrall v. Glickman*, 226 F.3d at 472.

### III.  CONCLUSION

For the foregoing reasons, Corvex's Motion (Docket No. 258) is GRANTED.

**IT IS SO ORDERED.**

**Jeffery S. Frensley**
**United States Magistrate Judge**

11