Richard M. Heimann (S.B.N. 063607)
Katherine Lubin Benson (S.B.N. 259826)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
kbenson@lchb.com

Julie Goldsmith Reiser (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL
PLLC
1100 New York Avenue NW, 5th Floor
Washington, DC 20005
Telephone: (202) 408-4600
jreiser@cohenmilstein.com

[Additional attorneys listed on signature page]

*Counsel for the NYC Funds and Proposed Co-Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CORINNE GONSALVES, individually and on behalf of others similarly situated,

Plaintiff,

v.

BLOCK, INC., JACK DORSEY, and AMRITA AHUJA,

Defendants.

Case No. 5:25-cv-00642-NW

CLASS ACTION

**MEMORANDUM OF POINTS AND AUTHORITIES (i) IN FURTHER SUPPORT OF THE NYC FUNDS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL AND (ii) IN OPPOSITION TO COMPETING MOTIONS FOR LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**

Hearing Date: April 30, 2025
Time: 9:00 a.m.
Courtroom: San Jose, Courtroom 3 – 5th Floor
Judge: Hon. Noël Wise

ORAL ARGUMENT REQUESTED

**TABLE OF CONTENTS**

**Page**

I.     PRELIMINARY STATEMENT ................................................................................ 1

II.    STATEMENT OF RELEVANT FACTS .............................................................. 2

III.   ARGUMENT ............................................................................................................ 2

     A.    The NYC Funds Are the Presumptive Lead Plaintiff. ............................................ 2

     B.    The NYC Funds Have Made a *Prima Facie* Showing of Typicality and
          Adequacy under Rule 23. ............................................................................................. 4

     C.    No Other Movant Can Rebut the Presumption that the NYC Funds Are the
          Most Adequate Plaintiff. ............................................................................................. 5

     D.    The Court Should Approve the NYC Funds' Selection of Co-Lead
          Counsel. ........................................................................................................................ 6

IV.    CONCLUSION ......................................................................................................... 6

# TABLE OF AUTHORITIES

**Page**

**Cases**

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002).................................................................................................... 6

*City of Grand Rapids Gen. Ret. Sys. v. Bayer Aktiengesellschaft*,
   No. 20-cv-4737-RS, 2020 WL 6255412 (N.D. Cal. Oct. 21, 2020) ........................................ 3

*Flannery v. Snowflake Inc.*,
   No. 5:24-cv-01234-PCP, 2024 WL 4008764 (N.D. Cal. Aug. 29, 2024)................................. 4

*Hoang v. ContextLogic, Inc.*,
   No. 21-cv-03930-BLF, 2022 WL 1539533 (N.D. Cal. May 16, 2022) ................................... 4

*In re Mersho*,
   6 F.4th 891 (9th Cir. 2021) ..................................................................................................... 4

*Nicolow v. Hewlett Packard Co.*,
   No. 12-cv-05980-CRB, 2013 WL 792642 (N.D. Cal. Mar. 4, 2013) ...................................... 3

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998)......................................................................................... 3

*Peters v. Twist Bioscience Corp.*,
   No. 5:22-cv-08168-EJD, 2023 WL 4849431 (N.D. Cal. July 28, 2023) ......................... 3, 4, 5

*Schlaegel v. Palo Alto Networks Inc.*,
   No. 3:24-cv-01156-CRB, 2024 WL 3747410 (N.D. Cal. Aug. 9, 2024)................................. 4

*Twitchell v. Enovix Corp.*,
   No. 23-cv-00071-SI, 2023 WL 3170044 (N.D. Cal. Apr. 28, 2023) ....................................... 3

**Statutes**

15 U.S.C. § 78u-4(a)(3) ................................................................................................ *passim*

## I.   PRELIMINARY STATEMENT

In this securities fraud class action, the Court must appoint as Lead Plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members"—that is, the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). The most adequate plaintiff is "the person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii).

The NYC Funds[1] are unquestionably the presumptive most adequate plaintiff in this case. Their financial interest dwarfs that of any other movant by multiples. The NYC Funds suffered a LIFO-calculated loss of ***$58,277,021.69*** on their trades in Block, Inc. Class A common stock during the Class Period—nearly ***$46 million more*** than the next-largest claimed loss. Their interest is by far the largest under every relevant metric that courts consider, including shares purchased, net shares, net funds expended, and approximate losses.

Equally important, courts across the country have repeatedly found the NYC Funds to be adequate class representatives. They have a long and successful track record of vigorously representing the interests of investor classes, including securing landmark recoveries in complex securities fraud cases. Their history demonstrates both their capability and their commitment to overseeing sophisticated litigation on behalf of defrauded investors.

Because the NYC Funds possess the greatest financial stake in the outcome and plainly satisfy Rule 23's adequacy and typicality requirements, they are the presumptive Lead Plaintiff. The NYC Funds therefore respectfully ask the Court to appoint them Lead Plaintiff and approve their choice of Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser") and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Co-Lead Counsel.

---

[1] The NYC Funds are Teachers' Retirement System of the City of New York ("TRS"), New York City Employees' Retirement System ("NYCERS"), New York City Fire Pension Fund ("Fire"), New York City Board of Education Retirement System ("BERS"), Police Superior Officers' Variable Supplements Fund ("PSOVSF"), Police Officers' Variable Supplements Fund ("POVSF"), Firefighters' Variable Supplements Fund ("FFVSF"), Fire Officers' Variable Supplements Fund ("FOVSF"), New York City Fire Department Life Insurance Fund ("FDLIF"), and Teachers' Retirement System Variable A ("TRS Var-A").

## II.    STATEMENT OF RELEVANT FACTS

On January 17, 2025, plaintiff Corinne Gonsalves filed a securities fraud class complaint against Block, Inc. ("Block" or the "Company"). ECF No. 1. The complaint asserts claims on behalf of all purchasers of Block Class A common stock between February 26, 2020 and April 30, 2024. *Id.* ¶ 1. That same day, Gonsalves and her counsel published notice of the action in *Globe Newswire*. ECF No. 25-2. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), all class members then had 60 days to move for appointment as Lead Plaintiff in this litigation.

On March 18, 2025, seven movants filed for appointment as Lead Plaintiff and requested that their selected counsel be appointed Lead Counsel. *See* ECF Nos. 25 (The NYC Funds' motion); 24 (HANSAINVEST Hanseatische Investment-GmbH ("HANSAINVEST")); 35 (DeKalb County Pension Fund ("DeKalb County")); 36 (Matthew Bondy ("Bondy")); 39 (CHAN Kwok King Kingsley ("Kingsley")); 46 (Ohio Public Employees Retirement System ("OPERS")); and 51 (City of Sarasota Firefighters Pension Fund ("Sarasota Firefighters")).

As of this filing, three of these movants have withdrawn their motions. ECF Nos. 64 (Kingsley), 80 (HANSAINVEST), 83 (Bondy). As a result, there are four Lead Plaintiff motions pending for the Court's consideration.[2]

## III.    ARGUMENT

### A.    The NYC Funds Are the Presumptive Lead Plaintiff.

The PSLRA establishes a rebuttable presumption "that the most adequate plaintiff" is the movant with the largest financial interest who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In evaluating financial interest, courts commonly apply the four "*Lax-Olsten*" factors: "(1) the number of shares purchased during the Class Period; (2) the number of net shares purchased during the Class Period; (3) the total net funds expended during the Class Period; and (4) the approximate losses

---

[2] On March 31, Sarasota Firefighters filed a statement of "non-opposition to the competing motions of those movants with larger financial interests." ECF No. 82. On April 1, DeKalb County submitted a non-opposition to the competing motions. ECF No. 85. Also on April 1, OPERS filed a response to the motion acknowledging that the NYC Funds' total losses ($58,277,021)—and those of just one NYC fund, TRS Var A ($39,178,217)—each exceed OPERS's losses. ECF No. 86 at 2-3.

suffered during the Class Period." *Peters v. Twist Bioscience Corp.*, No. 5:22-cv-08168-EJD, 2023 WL 4849431, at *3 (N.D. Cal. July 28, 2023) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)).

The NYC Funds unquestionably have the greatest financial interest in this litigation among the remaining movants, dominating each of the *Lax-Olsten* factors, as set forth below:

| Movant | Total Shares Purchased | Net Shares Purchased | Net Funds Expended | Approximate LIFO Losses[3] |
|---|---|---|---|---|
| NYC Funds | **1,082,023** | **225,982** | **$67,524,672.27** | **$58,277,021.69** |
| OPERS | 742,570 | 116,191 | $20,364,674.51 | $12,610,559.00 |
| DeKalb County | 84,919 | 2,051 | $3,628,418.58 | $3,699,400.39 |
| Sarasota Firefighters | 2,857 | 0 | $354,827.80 | $354,827.80 |

First, the NYC Funds suffered an approximate LIFO loss of $58 million on their trades in Block Class A common stock during the Class Period—nearly $46 million more than the next-largest loss, as reported by OPERS. Courts recognize that approximate loss is the "most important" of the *Lax-Olsten* factors. *See City of Grand Rapids Gen. Ret. Sys. v. Bayer Aktiengesellschaft*, No. 20-cv-4737-RS, 2020 WL 6255412, at *1 (N.D. Cal. Oct. 21, 2020).

The NYC Funds also lead across the remaining three factors. The NYC Funds (1) purchased 1,082,023 shares of Block Class A common stock during the Class Period—over 300,000 more than second-place OPERS; (2) acquired 225,982 net shares—over 100,000 more than OPERS; and (3) expended $67,524,672.27 in net funds—surpassing OPERS by over $47 million.

---

[3] Courts in this District typically apply the "Last In First Out" methodology to calculate approximate losses. *See, e.g.*, *Twitchell v. Enovix Corp.*, No. 23-cv-00071-SI, 2023 WL 3170044, at *9 (N.D. Cal. Apr. 28, 2023) (collecting cases and observing "the last-in-first-out (LIFO) calculation . . . is often the preferred method of calculating financial losses"); *Nicolow v. Hewlett Packard Co.*, No. 12-cv-05980-CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) ("The weight of authority puts the most emphasis on the competing movants' estimated losses, using a [LIFO] methodology." (footnote omitted)).

In short, the NYC Funds have by far the largest financial interest among the movants. As the court recognized in *Flannery v. Snowflake Inc.*, No. 5:24-cv-01234-PCP, 2024 WL 4008764 (N.D. Cal. Aug. 29, 2024), the NYC Funds are "presumably the most adequate plaintiff" because they have "the greatest financial interest with the largest number of total shares purchased, largest number of net shares purchased, largest total net funds expended, and greatest losses suffered during the class period," *id.* at *2. The NYC Funds clearly constitute "a preexisting and appropriate group of related entities" under the PSLRA for purposes of Lead Plaintiff appointment. *Id.* at *3–4; *see also* ECF No. 25-1 at 9, fn. 9 and 10.

**B.      The NYC Funds Have Made a *Prima Facie* Showing of Typicality and Adequacy under Rule 23.**

In addition to having the largest financial interest in this litigation, the NYC Funds are also the most adequate plaintiff because they "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At this stage, a movant need only make a "prima facie showing of adequacy and typicality." *Hoang v. ContextLogic, Inc.*, No. 21-cv-03930-BLF, 2022 WL 1539533, at *2 (N.D. Cal. May 16, 2022) (quoting *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021)). As set forth in their Motion, the NYC Funds amply satisfy both requirements.

The NYC Funds' claims are typical of the Class because they (1) purchased Block Class A common stock during the Class Period, (2) at prices artificially inflated by Defendants' allegedly materially false and misleading statements, and (3) suffered damages when the truth emerged, removing the inflation caused by Defendants' conduct and causing the price of Block Class A common stock to drop. The NYC Funds' claims are based on the same legal theory, and arise from the same events and course of conduct, as the Class's claims. Moreover, the NYC Funds are not subject to any unique defenses. As a result, the NYC Funds satisfy Rule 23's typicality requirement. *Schlaegel v. Palo Alto Networks Inc.*, No. 3:24-cv-01156-CRB, 2024 WL 3747410, at *6 (N.D. Cal. Aug. 9, 2024); *Peters*, 2023 WL 4849431, at *6.

The NYC Funds are also adequate class representatives. They have no conflicts with other Class Members, with whose interests they are fully aligned. ECF No. 25-3 (NYC Funds'

- 4 -

certifications). Their commitment to vigorously prosecuting this case is demonstrated by their outsized financial stake—the largest by far among all movants'—which gives them every incentive to effectively lead this litigation.

The NYC Funds also bring a proven track record of success in securities class actions. As noted in their certifications (*id.*), several of the NYC Funds are currently serving as court-appointed lead plaintiffs in four ongoing securities class actions.[4] To date, the NYC Funds have recovered nearly ***$2 billion*** in litigation on behalf of investors.[5] *See* ECF No. 25 at 8–9.

Finally, the NYC Funds have selected experienced, sophisticated, and highly qualified counsel—Lieff Cabraser and Cohen Milstein—to represent the Class as Co-Lead Counsel. As detailed in their Motion, both firms have extensive expertise and a long history of success in complex securities class action litigation. *Id.* at 9–11. Accordingly, the NYC Funds satisfy Rule 23's adequacy requirement. *Peters*, 2023 WL 4849431, at *6.

Because the NYC Funds have the largest financial interest in this litigation and otherwise satisfy Rule 23's typicality and adequacy requirements, they are the presumptive Lead Plaintiff under the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**C.**      **No Other Movant Can Rebut the Presumption that the NYC Funds Are the Most Adequate Plaintiff.**

The presumption that the NYC Funds are the most adequate plaintiff—and therefore should be appointed Lead Plaintiff—can be rebutted only with "proof" from another class member that the NYC Funds "will not fairly and adequately protect the interests of the class" or

---

[4] *Flannery v. Snowflake Inc.*, No. 5:24-cv-01234-PCP (N.D. Cal.); *In re AT&T Sec. Litig.*, No. 3:24-cv-01196 (N.D. Tex.); *KBC Asset Mgmt. NV v. Discover Fin. Servs.*, No. 1:23-cv-06788 (N.D. Ill.); *Choi v. Coupang, Inc.*, No. 1:22-cv-7039 (S.D.N.Y.).

[5] *See In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y. Jan. 22, 2020), ECF No. 1309 ($1.025 billion settlement); *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.) ($625 million settlement); *In re Juniper Networks, Inc. Sec. Litig.*, No. 5:08-cv-00246 (N.D. Cal.) ($169.5 million); *In re Wachovia Equity Securities Litig.*, No. 1:08-cv-06171 (S.D.N.Y.) ($75 million); *Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc.*, No. 3:11-cv-00433 (M.D. Tenn. Jan. 30, 2020), ECF No. 429 ($53 million settlement); *In re Take-Two Interactive Sec. Litig.*, No. 06 Civ. 803 (RJS), 2010 WL 11613684, at *3 (S.D.N.Y. June 29, 2010) ($20,115,000 settlement); *In re Apple Inc. Sec. Litig.*, No. 5:06-cv-05208-JF (HRL), 2011 WL 1877988, at *1 (N.D. Cal. May 17, 2011) ($16.5 million settlement).

MPA IN FURTHER SUPP OF MTN. FOR APPT. AS LEAD
PL. AND APPROV. OF LEAD COUNSEL
CASE NO. 5:25-CV-00642-NW

are "subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II).

No such proof exists here. There is no evidence that the NYC Funds would not adequately and fairly protect the interests of the class or are subject to any unique defenses. To the contrary, the record demonstrates the NYC Funds' alignment with the Class's interests, their commitment to vigorously prosecuting this case, and their strong qualifications to serve as Lead Plaintiff.

**D.      The Court Should Approve the NYC Funds' Selection of Co-Lead Counsel.**

Finally, the Court should approve the NYC Funds' selection of Lieff Cabraser and Cohen Milstein as Co-Lead Counsel. Under the PSLRA, the lead plaintiff has the power to "select and retain counsel to represent the class," "subject to the approval of the court." 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cavanaugh*, 306 F.3d 726, 732 n.11 (9th Cir. 2002) ("Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class.").

As detailed in their Motion and in firm résumés attached thereto (ECF Nos. 25-5, 25-6), Lieff Cabraser and Cohen Milstein are exceptionally well-qualified to lead this litigation. Both firms have extensive experience in securities litigation, a strong track record of success as court-appointed lead or co-lead counsel, and have secured substantial recoveries for investors in complex securities fraud cases. Moreover, Lieff Cabraser and Cohen Milstein have a proven track record of working together to represent the NYC Funds, including in *In re Fox Corp. Derivative Litigation*, C.A. No. 2023-0418-BWD (Del. Ch.), where they are serving as court-appointed co-lead counsel.

**IV.      CONCLUSION**

For the foregoing reasons, the NYC Funds respectfully request that the Court enter an order (1) appointing the NYC Funds as Lead Plaintiff; and (2) appointing Lieff Cabraser and Cohen Milstein as Co-Lead Counsel for the Class.

Date: April 1, 2025

Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

*/s/ Katherine Lubin Benson*

Richard M. Heimann (S.B.N. 063607)
Katherine Lubin Benson (S.B.N. 259826)
Courtney J. Liss (S.B.N. 339493)
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
rheimann@lchb.com
kbenson@lchb.com
cliss@lchb.com

Steven E. Fineman (S.B.N. 140335)
Daniel P. Chiplock (*pro hac vice*)
Nicholas Diamand (*pro hac vice*)
Gabriel A. Panek (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212-355-9500)
sfineman@lchb.com
dchiplock@lchb.com
gpanek@lchb.com

Julie Goldsmith Reiser (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, Suite 800
Washington, DC 20005
Telephone: (202) 408-4600
jreiser@cohenmilstein.com

Michael B. Eisenkraft (*pro hac vice*)
Benjamin F. Jackson (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
meisenkraft@cohenmilstein.com
bjackson@cohenmilstein.com

*Counsel for the NYC Funds and Proposed Co-Lead Counsel for the Class*