Richard M. Heimann (S.B.N. 063607)
Katherine Lubin Benson (S.B.N. 259826)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
rheimann@lchb.com
kbenson@lchb.com

Julie Goldsmith Reiser (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL
PLLC
1100 New York Avenue NW, 5th Floor
Washington, DC 20005
Telephone: (202) 408-4600
jreiser@cohenmilstein.com

[Additional attorneys listed on signature page]

*Counsel for the NYC Funds and Proposed Co-Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CORINNE GONSALVES, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BLOCK, INC., JACK DORSEY, and AMRITA AHUJA, <br><br> Defendants. | Case No. 5:25-cv-00642-NW <br><br> <u>CLASS ACTION</u> <br><br> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES (i) IN FURTHER SUPPORT OF THE NYC FUNDS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL AND (ii) IN OPPOSITION TO COMPETING MOTIONS FOR LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL** <br><br> Hearing Date: April 30, 2025 <br> Time: 9:00 a.m. <br> Courtroom: San Jose, Courtroom 3 – 5th Floor <br> Judge: Hon. Noël Wise <br><br> <u>ORAL ARGUMENT REQUESTED</u> |

**TABLE OF CONTENTS**

**Page**

I.    PRELIMINARY STATEMENT ................................................................................ 1

II.   ARGUMENT....................................................................................................... 2

      A.    Courts Have Consistently Aggregated the NYC Funds' Losses............................ 2

      B.    Even Without Aggregation, an NYC Fund Has the Largest Financial
            Interest........................................................................................................ 4

      C.    No Party Disputes the NYC Funds' Adequacy, Typicality, or Choice of
            Counsel....................................................................................................... 4

III.  CONCLUSION ................................................................................................. 4

REPLY IN FURTHER SUPP OF MTN. FOR APPT. AS
LEAD PL. AND APPROV. OF LEAD COUNSEL
CASE NO. 5:25-CV-00642-NW

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aronson v. McKesson HBOC, Inc.*,
    79 F. Supp. 2d 1146, 1153 (N.D. Cal. 1999) ................................................................... 2, 3

*In re Cendant Corp. Litig.*,
    182 F.R.D. 144 (D.N.J. 1998) ................................................................................................ 3

*Choi v. Coupang, Inc.*,
    No. 1:22-cv-07309-VSB, 2023 WL 2585979 (S.D.N.Y. Mar. 21, 2023)................................ 3

*In re Countrywide Fin. Corp. Sec. Litig.*,
    273 F.R.D. 586 (C.D. Cal. 2009) ........................................................................................... 3

*Flannery v. Snowflake, Inc.*,
    No. 5:24-cv-01234-PCP, 2024 WL 4008764 (N.D. Cal. Aug. 29, 2024)........................ 2, 3, 4

*Garber v. Juniper Networks*,
    No. 5:06-cv-04327-JW, 2006 WL 3365547 (N.D. Cal. Nov. 20, 2006)................................. 3

*Hoang v. ContextLogic, Inc.*,
    No. 21-cv-03930-BLF, 2022 WL 1539533 (N.D. Cal. May 16, 2022) ................................... 4

*Lipetz v. Wachovia Corp.*,
    No. 1:08-cv-06171-RJS, 2008 WL 4615895 (S.D.N.Y. Oct. 10, 2008) ................................. 3

*In re Mersho*,
    6 F.4th 891 (9th Cir. 2021) ................................................................................................... 3

*Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc.*,
    No. 3:11-cv-0433, 2011 WL 6202585 (M.D. Tenn. Nov. 28, 2011)...................................... 3

*Switzenbaum v. Orbital Scis. Corp.*,
    187 F.R.D. 246 (E.D. Va. 1999) ............................................................................................ 3

*In re Take Two Interactive Sec. Litig.*,
    No. 1:06-cv-01131-RJS, 2010 WL 11613684 (S.D.N.Y. Jun. 29, 2010) ............................... 3

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................................... 1, 2, 4

## I.      PRELIMINARY STATEMENT

Under the PSLRA, the presumptive "most adequate plaintiff" is the "person or group of persons" that: (1) is a member of the purported plaintiff class, (2) has "the largest financial interest in the relief sought by the class," and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(i), (iii). Here, it is undisputed that the NYC Funds are members of the proposed class and that they possess the greatest financial interest in this litigation—over $58 million in losses. Five of the six movants have voluntarily dropped out, demonstrating the strength of the NYC Funds' application.[1] The sixth, Ohio Public Employees Retirement System ("OPERS"), expressly concedes it "is the second highest loss claimed across all motions."[2] Indeed, one of the NYC Funds, Teachers' Retirement System Variable A ("TRS Var-A"), alone suffered losses exceeding $39 million— more than triple the size of OPERS' losses.

In its brief response, OPERS posits that "of the six motions [for Lead Plaintiff] that do not aggregate damages, OPERS's motion is the application with the largest loss." ECF No. 84 at 3. This non-sequitur, conspicuously unsupported by any case law, contradicts well-settled precedent. Courts—including another court in this District, just last year—consistently recognize the NYC Funds as a cohesive, pre-existing group with a meaningful relationship, shared governance, and common counsel, and appoint them Lead Counsel. Indeed, the PSLRA expressly permits groups to serve as lead plaintiffs, and in the nearly three decades since its enactment, no court has ever held that aggregation itself disqualifies an otherwise suitable movant. Here, OPERS' aggregation discussion is merely academic, because TRS Var-A's individual losses alone dwarf those of the remaining movant.

---

[1] Six other parties initially sought appointment as Lead Plaintiff. *See* ECF Nos. 24, 35, 36, 39, 46, 51. Movants HANSAINVEST Hanseatische Investment-GmbH, CHAN Kwok King Kingsley, and Matthew Bondy have since withdrawn. ECF Nos. 64, 80, 83. DeKalb County Pension Fund and Sarasota Firefighters' Pension Fund do not oppose the NYC Funds' motion, acknowledging they lack the largest financial interest. ECF Nos. 82, 85. Only OPERS has neither withdrawn nor indicated it does not oppose. *See* ECF No. 84 ("OPERS Br.").

[2] OPERS Br. at 2.

REPLY IN FURTHER SUPP OF MTN. FOR APPT. AS
LEAD PL. AND APPROV. OF LEAD COUNSEL
CASE NO. 5:25-CV-00642-NW

The NYC Funds have the largest financial interest in this litigation, and no movant disputes that the Funds are adequate and typical plaintiffs under Rule 23, nor challenges their selection of counsel. Accordingly, the Court should appoint the NYC Funds as Lead Plaintiff and Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser") and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Co-Lead Counsel.

## II.    ARGUMENT

### A.    Courts Have Consistently Aggregated the NYC Funds' Losses.

To the extent OPERS attempts to suggest aggregating damages is improper, OPERS is wrong.

The PSLRA *expressly permits* aggregation, and nothing in the statute's language or legislative purpose suggests that a movant should be disqualified simply for combining losses with similarly interested parties. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) ("group of persons" may be most adequate plaintiff); *accord Flannery v. Snowflake, Inc.*, No. 5:24-cv-01234-PCP, 2024 WL 4008764, at *3 (N.D. Cal. Aug. 29, 2024) ("Congress expressly contemplated the possibility that a group of plaintiffs could be appointed as lead plaintiff under the PSLRA . . . .").

Just last year, a court in this District appointed a group of NYC Funds lead plaintiff, rejecting an argument from a competing movant that the NYC Funds' losses should not be aggregated. *Snowflake Inc.*, 2024 WL 4008764, at *3. The *Snowflake* court concluded that the NYC Funds constitute a "pre-existing and appropriate group of related entities" sharing "common counsel." *Id* at *3–4. As the court explained, rejecting aggregation of the NYC Funds' damages would be "contrary to the fact [that] Congress chose to allow groups to be appointed," which "necessarily involves aggregating funds." *Id.* at *2–3.

Indeed, a group with a "meaningful relationship preceding the litigation"—such as the relationship among the NYC Funds, which are "united by more than the mere happenstance of having bought the same securities"—may properly serve as lead plaintiff. *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1153 (N.D. Cal. 1999); *see also id.* at 1157 & n.11 (holding group of NYC Funds are "essentially one person for purposes of the [PSLRA], because they are all under the jurisdiction of [the] New York City Comptroller's Offices, and are represented in

- 2 -

their dealings with private counsel through one 'in-house' counsel, the Corporation Counsel of the City of New York").

Far from being an "artificial aggregation . . . created solely for the purposes of achieving lead plaintiff status," *Snowflake Inc.*, 2024 WL 4008764, at *3 (rejecting similar argument), the NYC Funds are a cohesive, longstanding group of related public pension funds with a decades-long history of serving as lead plaintiff in securities class actions across the country. *See id.* at *1 n.1, *5; *In re AT&T Sec. Litig.*, No. 2:23-cv-04064 (D.N.J. Apr. 16, 2024), ECF No. 49; *KBC Asset Mgmt. NV v. Discover Fin. Servs.*, No. 1:23-cv-06788 (N.D. Ill. Nov. 30, 2023), ECF No. 61; *Choi v. Coupang, Inc.*, No. 1:22-cv-07309-VSB, 2023 WL 2585979, at *4–6 (S.D.N.Y. Mar. 21, 2023); *Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc.*, No. 3:11-cv-0433, 2011 WL 6202585, at *7 (M.D. Tenn. Nov. 28, 2011), *report and recommendation adopted*, 2012 WL 12485 (M.D. Tenn. Jan. 3, 2012); *In re Take Two Interactive Sec. Litig.*, No. 1:06-cv-01131-RJS, 2010 WL 11613684, at *2 (S.D.N.Y. Jun. 29, 2010); *In re Countrywide Fin. Corp. Sec. Litig.*, 273 F.R.D. 586, 590 (C.D. Cal. 2009); *Lipetz v. Wachovia Corp.*, No. 1:08-cv-06171-RJS, 2008 WL 4615895, at *1 (S.D.N.Y. Oct. 10, 2008); *Garber v. Juniper Networks*, No. 5:06-cv-04327-JW, 2006 WL 3365547, at *2 (N.D. Cal. Nov. 20, 2006); *Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 251 (E.D. Va. 1999); *In re Cendant Corp. Litig.*, 182 F.R.D. 144, 147–49 (D.N.J. 1998).[3] OPERS has presented no evidence that this group of NYC Funds is any different (as is its burden to overcome the presumption, *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb))), nor has it cited any legal authority suggesting aggregation is improper. OPERS's speculation that the Court *may* "determine that the largest individual loss in an application that does not seek to aggregate losses is the most appropriate plaintiff," OPERS Br. at 3 (emphasis added), does not impact, let alone change, the heavy weight of this authority.

Because they have the largest loss, the NYC Funds' aggregate losses are properly considered in assessing financial interest under the PSLRA. As Judge Pitts held in *Snowflake* last

---

[3] The exact grouping of funds varies from case to case, depending on which funds suffered losses stemming from their investments in the relevant securities during the alleged class period.

REPLY IN FURTHER SUPP OF MTN. FOR APPT. AS
LEAD PL. AND APPROV. OF LEAD COUNSEL
CASE NO. 5:25-CV-00642-NW

year, the NYC Funds are "presumably the most adequate plaintiff" because, in the aggregate, they possess "the greatest financial interest." 2024 WL 4008764, at *2.

### B.    Even Without Aggregation, an NYC Fund Has the Largest Financial Interest.

Aggregation aside, one NYC Fund, TRS Var-A, alone has losses of $39 million, more than *triple* OPERS'. Indeed, OPERS acknowledges that at best, it is in second place. OPERS Br. at 2; *see* ECF No. 86 at 3 (chart of competing movants' financial interest). Thus, whether the Court considers the NYC Funds collectively or individually, OPERS still comes up short in having the greatest financial interest to justify a leadership appointment.

### C.    No Party Disputes the NYC Funds' Adequacy, Typicality, or Choice of Counsel.

Because the NYC Funds have the largest financial interest in this litigation, they are presumed to be the most adequate plaintiff if they also meet the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At this stage, they need only make a preliminary showing of adequacy and typicality. *Hoang v. ContextLogic, Inc.*, No. 21-cv-03930-BLF, 2022 WL 1539533, at *2 (N.D. Cal. May 16, 2022). No movant contests that the NYC Funds meet these standards. *See* ECF No. 86 at 4–6.

The Court should also approve the NYC Funds' selection of Lieff Cabraser and Cohen Milstein as Co-Lead Counsel. This appointment is unopposed. *See generally* OPERS Br. (making no mention of the NYC Funds' selected Co-Lead Counsel). As detailed in the Motion and supporting firm résumés (ECF Nos. 25-5, 25-6), both firms are among the most experienced in securities class action litigation, with exemplary records of success and substantial recoveries on behalf of defrauded investors.

### III.    CONCLUSION

For the reasons set forth above and in their prior submissions, the Court should appoint the NYC Funds Lead Plaintiff, and their selection of counsel, Lieff Cabraser and Cohen Milstein, as Co-Lead Counsel.

REPLY IN FURTHER SUPP OF MTN. FOR APPT. AS
LEAD PL. AND APPROV. OF LEAD COUNSEL
CASE NO. 5:25-CV-00642-NW

Date: April 8, 2025

Respectfully submitted,

COHEN MILSTEIN SELLERS & TOLL PLLC

*/s/ Julie Goldsmith Reiser*

Julie Goldsmith Reiser (*pro hac vice*)
1100 New York Avenue NW, Suite 800
Washington, DC 20005
Telephone: (202) 408-4600
jreiser@cohenmilstein.com

Michael B. Eisenkraft (*pro hac vice*)
Benjamin F. Jackson (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
meisenkraft@cohenmilstein.com
bjackson@cohenmilstein.com

Richard M. Heimann (S.B.N. 063607)
Katherine Lubin Benson (S.B.N. 259826)
Courtney J. Liss (S.B.N. 339493)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
rheimann@lchb.com
kbenson@lchb.com
cliss@lchb.com

Steven E. Fineman (S.B.N. 140335)
Daniel P. Chiplock (*pro hac vice)*
Nicholas Diamand (*pro hac vice)*
Gabriel A. Panek (*pro hac vice)*
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212-355-9500)
sfineman@lchb.com
dchiplock@lchb.com
gpanek@lchb.com

*Counsel for the NYC Funds and Proposed Co-Lead Counsel for the Class*

REPLY IN FURTHER SUPP OF MTN. FOR APPT. AS
LEAD PL. AND APPROV. OF LEAD COUNSEL
CASE NO. 5:25-CV-00642-NW