Richard M. Heimann (S.B.N. 063607)
Katherine Lubin Benson (S.B.N. 259826)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
kbenson@lchb.com

Julie Goldsmith Reiser (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL
PLLC
1100 New York Avenue NW, 5th Floor
Washington, DC 20005
Telephone: (202) 408-4600
jreiser@cohenmilstein.com

[Additional attorneys listed on signature page]

*Counsel for the NYC Funds and Proposed Co-Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| CORINNE GONSALVES, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLOCK, INC., JACK DORSEY, and AMRITA AHUJA,<br><br>Defendants. | Case No. 5:25-cv-00642-NW<br><br><u>CLASS ACTION</u><br><br>**NYC FUNDS' RESPONSE TO THE APRIL 28, 2025 CASE MANAGEMENT ORDER**<br><br>Hearing Date: April 30, 2025<br>Time: 9:00 a.m.<br>Courtroom: San Jose, Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

The NYC Funds[1] submit this response to the Court's April 28, 2025 Case Management Order ("Order") to address certain issues raised by the Court in advance of the hearing.  Doc. No. 96. The NYC Funds will be prepared to discuss the remaining issues in the Court's Order at tomorrow's hearing.  As set forth further below, the NYC Funds' choice of class counsel is entitled to deference.  Moreover, the NYC Funds have striven—in this case and others, spanning many years—to maximize recovery for the classes they represent, including through negotiating favorable fee arrangements with counsel.

For securities class actions, where Lead Plaintiff and Lead Counsel appointments are governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and not Rule 23(g) of the Federal Rules of Civil Procedure, the "Ninth Circuit has explained that 'the district court does not select class counsel at all,'" *Twitchell v. Enovix Corp.,* No. 23-CV-00071-SI, 2023 WL 3170044, at *9 (N.D. Cal. Apr. 28, 2023) (quoting *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)).  "While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff." *In re Cavanaugh*, 306 F.3d at 734; *see also Hayes v. Enphase Energy, Inc.*, No. 24-cv-4249-JD, 2025 WL 986469, at *3 (N.D. Cal. Mar. 31, 2025) (same). As such, district courts "generally defer" to the lead plaintiff's "reasonable choice of counsel." *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 711-12 (9th Cir. 2009).

The PSLRA's directive that courts defer to the Lead Plaintiff's choice of counsel also extends to the decision to select two law firms to lead the case.  Indeed, courts in the Northern District of California routinely honor the Lead Plaintiff's selection of two law firms to serve in these roles.  *See, e.g.*, *Kusen v. Herbert*, No. 23-cv-02940-AMO, 2023 WL 8171736, at *10 (N.D. Cal. Nov. 24, 2023) (appointing lead plaintiff's selection of two co-lead counsel, noting that "courts in this district and elsewhere have routinely appointed the [law firms] to act as lead

---

[1] The NYC Funds collectively are Teachers' Retirement System of the City of New York, New York City Employees' Retirement System, New York City Fire Pension Fund, New York City Board of Education Retirement System, Police Superior Officers' Variable Supplements Fund, Police Officers' Variable Supplements Fund, Firefighters' Variable Supplements Fund, Fire Officers' Variable Supplements Fund, New York City Fire Department Life Insurance Fund, and Teachers' Retirement System Variable A.

NYC FUNDS' RESPONSE TO APRIL 28, 2025 CMO
CASE NO. 5:25-CV-00642- NW

counsel [together] in such cases"). *See also In re NVIDIA Corp. Securities Litigation*, No. 18-cv-07669-HSG, 2019 WL 1960341, at *3 (N.D. Cal. May 2, 2019) (appointing co-lead counsel with the instruction that the firms "divide up responsibilities in a way that promotes the efficient representation of the putative class."); *Sayce v. Foresouct Techs., Inc.*, No. 20-cv-00076-SI, 2020 WL 6802469, at *8 (N.D. Cal. Nov. 19, 2020) (appointing as co-lead counsel two firms that had "years of experience successfully litigating large securities class action suits," "indicated a willingness to work together," and "successfully litigated securities cases together in the past"); *Vataj v. Johnson*, No. 19-cv-06996-HSG, 2020 WL 532981, at *3 (N.D. Cal. Feb. 3, 2020) (appointing two firms with "extensive experience as lead counsel in securities class action" and noting the court's "satisf[action] that the two firms will work cooperatively to promote the efficient representation of the putative class"); *In re Foundry Networks, Inc. Deriv. Litig.*, No. C-06-05598 RMW, 2007 WL 485974, at *2 (N.D. Cal. Feb. 12, 2007) (appointing two firms based on counsel's assurance "that the two firms have worked together efficiently in the past" and representation "that they would not bill more than would be billed with only one lead counsel").

Here, the NYC Funds' selection of Cohen Milstein and Lieff Cabraser should be approved because there is no allegation that their choice is "so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on [their] willingness or ability to perform the functions of lead plaintiff." *Kusen*, 2023 WL 8171736, at *10 (quoting *In re Cavanaugh*, 306 F.3d at 733). In fact, none of the other lead plaintiff movants objected to Cohen Milstein or Lieff Cabraser as conflicted or otherwise inadequate to represent the class. On the contrary, as explained in the accompanying Declaration of Daniel R. Whitman ("Whitman Decl."), attached hereto as Exhibit A, the NYC Funds chose Cohen Milstein and Lieff Cabraser as Co-Lead Counsel after a competitive and rigorous RFP process—both to serve as securities litigation counsel in the first instance and then among those counsel for this particular litigation. Whitman Decl. ¶¶ 5-8.[2] The NYC Funds selected two firms based on several considerations,

---

[2] Mr. Whitman is unable to travel to California for the April 30, 2025 hearing. However, he will be available remotely, by videoconference and telephone, to answer any further questions the Court might have at the hearing.

NYC FUNDS' RESPONSE TO APRIL 28, 2025 CMO
CASE NO. 5:25-CV-00642- NW

including the complexity and risk of the case, and because of their proven ability to litigate efficiently and effectively together.  Whitman Decl. ¶ 9.

Further, the putative Class will receive two highly qualified firms for the price of one. The NYC Funds negotiated, *ex ante,* a fee agreement with the putative Co-Lead Counsel that ensures that the Class will receive the high-quality representation of two firms as if they were a single firm, and at an extremely competitive rate.  Whitman Decl. ¶ 10; *see* Doc. No. 96 at 2; *see also In re Foundry*, 2007 WL 485974, at *2 (appointing two firms that "represented that they would not bill more than would be billed with only one lead counsel").  This approach embodies the NYC Funds' commitment to efficient litigation that maximizes recovery for class members.

The NYC Funds' selection process of Co-Lead Counsel, as described above, reflects a choice that is entitled to deference.  The Ninth Circuit, in granting mandamus and reversing a District Court's decision to override a lead plaintiff's decision with respect to lead counsel, held explicitly "that if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice."  *Cohen*, 586 F.3d at 711-12; *see also In re NVIDIA*, 2019 WL 1960341, at *3. The same is true here.  Finally, both firms will be prepared to identify a lead lawyer at the hearing, should the Court find that helpful in appointing Co-Lead Counsel.

Date: April 29, 2025

Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

*/s/ Richard M. Heimann*

Richard M. Heimann (S.B.N. 063607)
Katherine Lubin Benson (S.B.N. 259826)
Courtney J. Liss (S.B.N. 339493)
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
rheimann@lchb.com
kbenson@lchb.com
cliss@lchb.com

Steven E. Fineman (S.B.N. 140335)
Daniel P. Chiplock (*pro hac vice)*
Nicholas Diamand (*pro hac vice)*
Gabriel A. Panek (*pro hac vice)*
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212-355-9500)
sfineman@lchb.com
dchiplock@lchb.com
ndiamand@lchb.com
gpanek@lchb.com

Julie Goldsmith Reiser (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, Suite 800
Washington, DC 20005
Telephone: (202) 408-4600
jreiser@cohenmilstein.com

Michael B. Eisenkraft (*pro hac vice*)
Benjamin F. Jackson (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
meisenkraft@cohenmilstein.com
bjackson@cohenmilstein.com

*Counsel for the NYC Funds and Proposed Co-Lead Counsel for the Class*

NYC FUNDS' RESPONSE TO APRIL 28, 2025 CMO
CASE NO. 5:25-CV-00642- NW