# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CORINNE GONSALVES, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLOCK, INC., JACK DORSEY, and AMRITA AHUJA,<br><br>Defendants. | Case No. 5:25-cv-00642-NW<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF DANIEL WHITMAN IN SUPPORT OF THE MOTION OF NYC FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Hearing Date: April 30, 2025<br>Time: 9:00 a.m.<br>Courtroom: San Jose, Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Daniel Whitman, hereby declare as follows:

1.      I am Senior Counsel in the Affirmative Litigation Division of the New York City Law Department ("Law Department"), counsel for Teachers' Retirement System of the City of New York, New York City Employees' Retirement System, New York City Fire Pension Fund, New York City Board of Education Retirement System, Police Superior Officers' Variable Supplements Fund, Police Officers' Variable Supplements Fund, Firefighters' Variable Supplements Fund, Fire Officers' Variable Supplements Fund, New York City Fire Department Life Insurance Fund, and Teachers' Retirement System Variable A (collectively, the "NYC Funds"), lead plaintiff movants in the above-captioned case. I submit this declaration for the NYC Funds in response to the Court's April 28, 2025 Case Management Order, Doc. No. 96, and in further support of NYC Funds' motion for appointment as Lead Plaintiff and to appoint Lieff Cabraser Heimann & Bernstein LLP ("Lieff Cabraser") and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as co-lead counsel. I have personal knowledge of the matters stated in this declaration and, if called upon, I could and would competently testify to them.

2.      The Law Department is the legal arm of the City of New York. Pursuant to the powers and duties granted to it under Section 394 of the New York City Charter, the Law Department represents all City agencies, the Comptroller, and the NYC Funds.

3.      The New York City Charter assigns the Law Department "the right to institute actions in law or equity and any proceedings provided by law in any court . . . to maintain, defend and establish the rights, interests, revenues, property, privileges, franchises or demands of the city or of any part or portion thereof." N.Y.C. Charter § 394(c). In other words, the Law Department has the responsibility to develop a unified litigation strategy on behalf of the NYC Funds.

4.      The Affirmative Litigation Division attorneys take a very active role in securities litigation, ensuring that the interests of the NYC Funds and the putative classes it seeks to represent as a fiduciary are advanced. I and other attorneys in my division personally oversee actions taken by outside counsel.

5.      The Law Department has established protocols for evaluating potential cases and selecting counsel to represent the NYC Funds and putative classes the NYC Funds are selected to

represent. The Law Department maintains a panel of outside law firms for representation in securities and shareholder derivative litigation. The Law Department periodically puts out a Request for Proposals ("RFP") to outside counsel to join the panel, and, after rigorously evaluating the proposals and the law firms seeking appointment, the Law Department selects counsel for its panel from among the law firms who submitted RFPs and passed muster in the NYC Funds' evaluation process. Lieff Cabraser and Cohen Milstein both serve on the NYC Funds' Law Department securities litigation panel.

6. When the Law Department is considering whether the NYC Funds should move for lead plaintiff, it conducts a competitive bidding process among its securities litigation panel firms to determine which counsel will represent the NYC Funds in that particular matter.

7. The Law Department undertook that process in this case. In soliciting bids from its panel firms, the Law Department asked the law firms to evaluate the potential case and make a recommendation about whether the NYC Funds should seek lead plaintiff status, as well as strategy for the case. The Law Department also asked the law firms to submit a proposed fee grid for the case.

8. After receiving and evaluating the bids in this case, the Law Department decided to move for appointment of the NYC Funds as lead plaintiff, and selected Lieff Cabraser and Cohen Milstein's joint proposal to represent the NYC Funds. Thereafter, the Law Department recommended that each of the NYC Funds pursue claims with respect to losses in securities. The board of each of the NYC Funds then reviewed the Law Department's recommendation, and voted in favor of authorizing the pursuit of lead plaintiff status, as well as specifically authorizing the Law Department to retain Lieff Cabraser and Cohen Milstein on its behalf.

9. The Law Department's decision to retain two law firms as proposed co-lead counsel in this case was based on several factors including: the size of the case, complexity of the legal issues presented, and an assessment of the risk associated with litigating the case for putative class members. We also considered that Lieff Cabraser and Cohen Milstein have a proven ability to litigate efficiently and effectively together, and are committed to ensuring the same in this case. *See In re Fox Corporation Derivative Litigation*, C.A. No. 2023-0418-BWD

DECL OF DANIEL WHITMAN ISO MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 5:25-CV-00642- NW

(Del. Ch.). The Law Department closely monitors its counsel and litigation and, to date, Lieff Cabraser and Cohen Milstein have diligently and efficiently advocated on behalf of the NYC Funds and the putative class, and maintained regular communication with the Law Department.

10. As it does in every securities litigation matter it pursues, before the NYC Funds moved for lead plaintiff, the Law Department negotiated a fee agreement with Lieff Cabraser and Cohen Milstein that ensures that the Class will receive high-quality representation from the two firms as if they were a single firm, which are to be compensated (if at all) on a joint basis and at an extremely competitive single rate. Indeed, for many years, the Law Department and the NYC Funds have prioritized driving down the cost of securities litigation for class members, including through negotiating favorable fee arrangements with counsel. As a sophisticated and experienced entity that regularly hires outside counsel to represent the NYC Funds and putative classes as lead counsel, the Law Department believes that the fee agreement it negotiated here with Lieff Cabraser and Cohen Milstein will provide excellent legal services for the class at a highly competitive rate.

11. I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of April, 2025 at New York, New York.

Daniel R. Whitman
Senior Counsel, Affirmative Litigation Division
New York City Law Department

DECL OF DANIEL WHITMAN ISO MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 5:25-CV-00642- NW