UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORINNE GONSALVES,<br><br>   Plaintiff,<br><br>  v.<br><br>BLOCK, INC., et al.,<br><br>   Defendants. | Case No. 25-cv-00642-NW<br><br>**ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Re: ECF Nos. 25, 46 |

  On March 18, 2025, seven putative class members filed motions to be appointed lead plaintiff, and for their counsel to be appointed lead counsel. ECF Nos. 24, 25, 35, 36, 39, 46, 51. Three of these motions have since been withdrawn, ECF Nos. 64, 80, 83, and two movants filed notices of non-opposition, ECF Nos. 82, 85. Before the Court are two remaining motions filed by Teachers' Retirement System of the City of New York, et al. ("NYC Funds") and Ohio Public Employees Retirement System ("OPERS"). ECF Nos. 25, 46.

  Having considered the parties' briefs and the relevant legal authority, the Court APPOINTS NYC Funds as Lead Plaintiff and APPROVES NYC Funds' selection of Lieff Cabraser Heimann & Bernstein, LLP and Cohen Milstein Sellers & Toll, PLLC to be appointed as co-lead counsel for the class.

**I. BACKGROUND**

  On January 17, 2025, Plaintiff Corinne Gonsalves filed this securities class action, individually and on behalf of all others similarly situated, and brought claims under sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§78j(b) and 78t(a), and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5. Compl. ¶ 1, ECF No. 1 ("Compl."). On January 22, 2025, notice was published in *Business Wire* announcing the filing of a class action, with class members who were "purchasers of Block, Inc. (NYSE: SQ) Class A common stock between February 26, 2020 and April 30, 2024, inclusive." Notice of Publication, Ex. A,

ECF No. 6.

The following organizations collectively moved to be appointed lead plaintiff: Teachers' Retirement System of the City of New York, New York City Employees' Retirement System, New York City Fire Pension Fund, New York City Board of Education Retirement System, Police Superior Officers' Variable Supplements Fund, Police Officers' Variable Supplements Fund, Firefighters' Variable Supplements Fund, Fire Officers' Variable Supplements Fund, New York City Fire Department Life Insurance Fund, and Teachers' Retirement System Variable A (collectively, the "NYC Funds"). NYC Funds Mot. to Appoint Lead Plaintiff and Lead Counsel, ECF No. 25 ("NYC Funds Mot."). NYC Funds also moved for Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser") and Cohen Milstein Sellers & Toll, PLLC ("Cohen Milstein") to be appointed as co-lead counsel for the proposed class. *Id*. Class member Ohio Public Employees Retirement System ("OPERS") separately moved to be appointed lead plaintiff, and for Berger Montague PC ("Berger Montague") to be appointed as lead counsel for the proposed class. OPERS Mot. to Appoint Lead Plaintiff and Lead Counsel, ECF No. 46 ("OPERS Mot."). Both movants filed responses and replies to the competing motions for lead plaintiff and lead counsel. ECF Nos. 84 ("OPERS Opp'n to NYC Funds"); 86 ("NYC Funds Opp'n to OPERS"); 91 ("NYC Funds Reply"); 92 ("OPERS Reply").

## II. LEGAL STANDARD

### A. Lead Plaintiff

Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") governs appointment of lead plaintiffs in all private securities class actions. *See* 15 U.S.C. §§ 77z-1(a)(3), 78u-4(a)(3). The district court shall appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," also referred to as the "most adequate plaintiff." §§ 77z-1(a)(3)(B)(i), 78u-4(a)(3)(B)(i). Among other things, the "most adequate plaintiff" is the person that "has either filed the complaint or made a motion in response to a notice." §§ 77z-1(a)(3)(B)(iii)(I); 78u-4(a)(3)(B)(iii)(I).

The PSLRA "provides a simple three-step process for identifying the lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). At the first step, the pendency of the first-filed action, the claims made, and the purported class period must be publicized in a "widely circulated national business-oriented publication or wire service." *Id.* (internal quotation marks and citation omitted). The notice must advise that any putative class member may seek appointment as lead plaintiff. *See id.*

Second, the court must identify the presumptive lead plaintiff, that is, "the movant with the largest financial interest who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) (internal quotation marks and citation omitted). To determine which movant has the largest financial interest, the court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730. The court then must determine whether the movant with the largest financial interest "satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* at 730. At this stage in the proceedings, only a "a prima facie showing of adequacy and typicality" need be made. *Mersho*, 6 F.4th at 899. If the plaintiff with the largest financial interest satisfies Rule 23(a), that plaintiff "becomes the presumptively most adequate plaintiff." *Id.* (internal quotation marks and citation omitted).

"At step three, the process turns adversarial." *Mersho*, 6 F.4th at 899 (internal quotation marks and citation omitted). This third step "is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730. The presumption may be rebutted only upon proof that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Mersho*, 6 F.4th at 899. "If the presumption is not rebutted, the presumptively most adequate plaintiff must be selected as lead plaintiff." *Id.*

### B.     Lead Counsel

Under the PSLRA, the lead plaintiff has the right, subject to court approval, to select and retain counsel to represent the class. *See Cohen v. U.S. Dist. Ct.*, 586 F.3d 703, 711 (9th Cir.

3

1   2009). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should
2   generally defer to that choice." *Id.* at 712.

### III. DISCUSSION

#### A. Lead Plaintiff

In evaluating the motions for lead plaintiff, the Court follows the three-step process provided in the PSLRA and summarized in *Cavanaugh* and finds Plaintiff NYC Funds is the presumptive lead plaintiff. At the first step, the Court confirms that the PSLRA's notice requirement was met. A notice was published in *Business Wire* on January 22, 2025, announcing the filing of a class action, with class members who were "purchasers of Block, Inc. (NYSE: SQ) Class A common stock between February 26, 2020 and April 30, 2024, inclusive." Notice of Publication, Ex. A. That notice contained all required information, including a description of the claims made and the proposed class period. *See id.* The notice advised that any putative class member could seek appointment as lead plaintiff. *See id.* In response, both movants filed timely motions for appointment as lead plaintiff and lead counsel on March 18, 2025. *See* OPERS Mot., NYC Funds Mot.

The Court next considers the "potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732. The Court "must calculate each potential lead plaintiff's financial interest in the litigation" using a method that is "both rational and consistently applied." *Cavanaugh*, 306 F.3d at 730 n.4. Here, NYC Funds alleges that it incurred a loss of $58,277,021.69. NYC Funds Mot. at 2. OPERS alleges that it incurred a loss of more than $12,600,000. OPERS Mot. at 2.

Because NYC Funds has the largest financial interest in the litigation, the Court must determine whether NYC Funds "satisf[y] the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Cavanaugh*, 306 F.3d at 730. Here, NYC Funds has made a prima facie showing of typicality and adequacy. NYC Funds alleges that "their claims are typical of other Class members' claims" because "NYC Funds purchased Block Class A common stock during the Class Period," and that "they will fairly and adequately represent the interests of the

Class." NYC Funds Mot. at 2, 8. "NYC Funds have no conflicts of interest with other putative class members." *Id*., at 8. Further, NYC Funds alleges that they are "a paradigmatic Lead Plaintiff under the PSLRA because they comprise a group of related and sophisticated institutional investors with a substantial financial stake in the outcome of the litigation and are well-positioned to monitor and direct counsel in the prosecution of the litigation." *Id*. Consequently, NYC Funds is the presumptive "most adequate plaintiff" under the PSLRA. 15 U.S.C. § 78u4(a)(3)(B)(iii)(I).

In the third and final step, other plaintiffs may rebut the presumptive lead plaintiff's showing that they satisfy Rule 23's typicality and adequacy requirements. *Cavanaugh*, 306 F.3d at 730. Competing movants must point to evidence of inadequacy. *In re Mersho*, 6 F.4th 891, 901 (9th Cir. 2021).

Here, OPERS, also seeking appointment as lead plaintiff, says that NYC Funds "seeks the appointment of a group of 10 institutional investors who propose to aggregate their losses to secure lead plaintiff appointment." OPERS Opp'n to NYC Funds at 1. OPERS does not go as far as to argue that this aggregation of damages renders NYC Funds as "an improper lead plaintiff." *Id*. at 1; *see In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 835-6 (N.D. Cal. 2019) (holding that appointing an aggregated group as lead plaintiff is improper when the group had no-preexisting relationship and there was a risk that the group would be directed by lawyers). OPERS acknowledges that even disaggregating the damages claimed by NYC Funds, OPERS's loss is the second highest loss claimed, following Teachers' Retirement System Variable A (loss of $39,178,217.26). *Id*. at 2.

Overall, the record establishes that NYC Funds is made up of sophisticated investors and experienced litigants in securities class actions who are equipped to responsibly run this litigation. NYC Funds is appointed as lead plaintiff in this action.

**B.     Lead Counsel**

Under the PSLRA, the Court will also appoint lead counsel. 15 U.S.C. § 78u4(a)(3)(B)(v). "While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff." *Cavanaugh*, 306 F.3d at 734 (citations omitted). NYC Funds has selected two firms – Lieff Cabraser and Cohen

5

Milstein – to act as co-lead counsel. The Court reviewed the firms' resumes, Decl. of Katherine Lubin Benson, ¶¶ 4-6, Exs. D-E, ECF Nos. 25-5, 25-6, and finds NYC Funds made a reasonable choice of counsel.

Although under the PSLRA, NYC Funds, as appointed lead plaintiff, may choose class counsel subject to the approval of the Court, *see Cavanaugh*, 306 F.3d at 734, the Court questioned lead plaintiff's choice of appointing *two* firms as co-lead counsel when both firms are capable of individually handling the case. In its case management order, *see* ECF No. 96, and at oral argument, the Court expressed concern about whether having multiple counsel will result in inefficiencies, challenges with accountability, and potential increased costs for the putative class.

While the Court is not convinced that approving multiple lead-counsel is appropriate in all or even most cases (particularly when there are not co-lead plaintiffs), the Court finds that appointing co-lead counsel, *in this case*, is sensible for three reasons. First, in evaluating the possibility of inefficiencies, the Court recognizes that the two firms have "a proven track record of working together to represent the NYC Funds, including currently serving as court-appointed Co-Lead Counsel representing the NYC Funds as co-lead plaintiffs in shareholder derivative ligation." NYC Funds Mot. at 11. At oral argument, counsel explained that, while both firms are capable of individually handling the case, each will bring a particular expertise (securities expertise and trial experience) that will collectively amount to better service for the putative class. Counsel further explained that given the magnitude of the alleged losses, the length of the class period, and the significant number of putative investor-class members, this action requires more resources than may be typically necessary in a PSLRA case. Practically speaking, counsel noted that having firms based on the east coast and west coast will facilitate better communication with members of a potentially nationwide class and will permit lawyers to better coordinate work across coasts and time-zones.

Second, the Court considers how multiple counsel will navigate any challenges with accountability. Co-counsel committed to working together closely, and to allow either firm to make agreements with defendants and to speak on behalf of the class. Although the Court will not prescribe what role each co-counsel will play in this litigation, the Court orders that Defendant's

counsel may rely upon all agreements made with any appointed counsel, or other duly authorized representative of appointed counsel, and such agreements shall be binding on all plaintiffs. Further, to assist with accountability, the Court will appoint Julie Reiser and Richard Heimann as co-lead attorneys.

Third, in evaluating the potential for increased costs for the putative class, the Court finds that co-counsel have ameliorated this concern by entering into a fee agreement whereby the firms "are to be compensated (if at all) on a joint basis and at an extremely competitive single rate." Decl. of Daniel Whitman, ¶ 10, ECF No. 98-1.  NYC Funds also selected co-counsel through a bidding process.  *Id.*, ¶ 5.  Co-counsel also agreed during oral argument that the two firms will split any fee-award that is granted so plaintiffs will receive no less than they would receive if a single lead-counsel were representing the class.

The Court finds that NYC Funds has demonstrated that appointment of co-lead counsel in this action will not negatively impact recovery for the putative class, and, therefore, the Court appoints Lieff Cabraser and Cohen Milstein as co-lead counsel, and Julie Reiser and Richard Heimann as co-lead attorneys.

Finally, this Court is committed to ensuring that junior lawyers and lawyers from groups that have been historically underrepresented in the legal profession have meaningful opportunities to participate in litigation, and strongly encourages all parties in this case to make meaningful opportunities available for junior and underrepresented lawyers throughout this action.

## IV. CONCLUSION

NYC Funds' motion for appointment as lead plaintiff is GRANTED.  The Court APPOINTS NYC Funds as lead plaintiff, and Lieff Cabraser and Cohen Milstein as co-lead counsel, and Julie Reiser and Richard Heimann as co-lead attorneys, in this case.

**IT IS SO ORDERED.**

Dated: April 30, 2025

Noël Wise
United States District Judge