M. Heimann (SBN 063607)
Katherine Lubin Benson (SBN 259826)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
rheimann@lchb.com
kbenson@lchb.com

Julie Goldsmith Reiser (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, Suite 800
Washington, DC 20005
Telephone: (202) 408-4600
jreiser@cohenmilstein.com

[Additional attorneys listed on signature page]

*Counsel for Lead Plaintiff, the NYC Funds*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CORINNE GONSALVES, individually and on behalf of others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BLOCK, INC., JACK DORSEY, and AMRITA AHUJA,<br><br>　　　　Defendants. | Case No. 5:25-cv-00642-NW<br><br>CLASS ACTION<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Hearing Date: November 5, 2025<br>Time: 9:00 a.m.<br>Courtroom: San Jose, Courtroom 3, 5th Floor<br>Judge: Hon. Noël Wise |

## I. INTRODUCTION

In support of their Motion to Dismiss ("Motion") Plaintiff's Amended Consolidated Class Action Complaint ("Complaint"), Defendants cite 16 extrinsic sources and ask the Court to incorporate them by reference or take judicial notice of them. ECF 108-2 (Declaration of Brian M. Lutz) ("Lutz Declaration" or "Lutz Decl."); ECF 108-19 (Request for Judicial Notice) ("RJN"). By and large, these sources are public securities filings cited in Plaintiff's Complaint. Plaintiff does not oppose the Court taking judicial notice of, or incorporating by reference, the vast majority of the Exhibits, consistent with applicable law. Plaintiff does, however, oppose Defendants' efforts to use these Exhibits to controvert Plaintiff's well-pled allegations on the pleadings. Further, Plaintiff opposes the request for judicial notice to the extent Defendants seek to introduce three documents, not incorporated by reference into the Complaint, to assume the truth of the matters asserted therein.

## II. ARGUMENT

### A. Incorporation by Reference

Incorporation by reference is a "doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). A document may be incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* Although the court "may assume an incorporated document's contents are true for purposes of a motion to dismiss under Rule 12(b)(6) . . . , it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003 (internal quotation marks omitted). Even documents incorporated by reference cannot be used to "resolv[e] factual disputes at the pleading stage." *Id.*

Exhibits A-D, F, H-L, and N-P to the Lutz Declaration are cited and relied on in the Complaint and therefore may be the proper subject of incorporation by reference, "subject to *Khoja*'s restrictions" on using these documents to dispute Plaintiff's well-pled allegations. *In re Doximity, Inc. Sec. Litig.*, 2025 WL 1449598, at *2 (N.D. Cal. May 13, 2025) (Wise, J.). Defendants' use of these documents in their Motion runs afoul of the rules set forth in *Khoja*.

For example, Defendants err by improperly asking the Court to read "[t]he obvious implication" of Lutz Declaration Exhibit D—the transcript of Block's August 5, 2020 earnings call—to controvert

1  allegations about statements Dorsey made during that call. ECF 108 ("Mot.") at 13. Defendants also rely on
2  the contents of Exhibit F, the October 11, 2020 *New York Times* article, to argue that "Block explicitly and
3  repeatedly warned investors" of the possibility of fraud on Cash App. Mot. 10. These arguments are
4  intended "to dispute facts" in Plaintiff's Complaint, something Defendants cannot do at this stage in the
5  case. *Khoja*, 899 F.3d at 1003.

   **B.   Judicial Notice**

7       "Judicial notice under [Federal Rule of Evidence] 201 permits a court to notice an adjudicative fact
8  if it is 'not subject to reasonable dispute.'" *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)). Although
9  publicly available financial documents such as Securities and Exchange Commission ("SEC") filings are
10 subject to judicial notice, there are restrictions on how the court may use these documents on a motion to
11 dismiss. *See Michel v. Sumo Logic, Inc.*, 779 F. Supp. 3d 1038, 1047 (N.D. Cal. 2025). Specifically, and
12 crucially, "a court cannot take judicial notice of disputed facts contained in such public records." *Doximity*,
13 2025 WL 1449598, at *2; *see Khoja*, 899 F.3d at 1000 (stating that courts can only take judicial notice of
14 facts that are "not subject to reasonable dispute").

15     Defendants ask the Court to take judicial notice of three documents—Exhibits M, E, and G to the
16 Lutz Declaration—that are not otherwise incorporated by reference into the Complaint. *See* RJN at 2–4.
17 Plaintiff does not oppose the Court taking judicial notice of the existence of these documents. *See Khoja*,
18 899 F.3d at 999–1000. But the Court should not consider the truth of the matters asserted therein, as
19 Defendants would have it do.

20     First, Exhibit M contains excerpts from Block's Form 10-Q for the quarter ending March 31, 2022.
21 The Complaint does not reference this document, and Defendants do not argue otherwise. Nevertheless,
22 Defendants rely on this SEC filing to argue "Block never said it was reporting unique individual users, and
23 the Company was transparent that 'active' accounts could include 'multiple accounts' tied to a single
24 customer." Mot. 13 (quoting Ex. M at 7).

25     The meaning of Block's definitions is vigorously disputed by the parties on the pleadings.
26 Defendants improperly use this document to "attempt to characterize the facts at the pleadings stage and put
27 facts in dispute." *Doximity*, 2025 WL 1449598, at *2. As this Court explained in *Doximity*, defendants in
28 securities fraud litigation cannot use judicial notice "to argue, at the pleadings stage, the facts relating to

what investors did (or not) understand." *Id.* The Court must accept the allegations in Plaintiff's Complaint as true, and it cannot rely on Exhibit M to conclude otherwise.

Second, Exhibits E and G contain Forms 4 filed with the SEC reflecting Defendants Dorsey and Ahuja's transactions in Block, Inc. common stock during the Class Period. Lutz Decl. ¶¶ 6, 8. The Court can take judicial notice of the fact that Dorsey and Ahuja filed these Forms 4. But it cannot "consider the truth of the statements within the filings" or use them "to resolve any factual disputes." *Das v. Unity Software Inc.*, 2024 WL 1141733, at *7 (N.D. Cal. Mar. 15, 2024). To the extent Defendants request that the Court draw inferences in their favor from information contained in Exhibits E and G to dispute the Complaint or Plaintiff's inference of scienter, that is improper and should be rejected. *See, e.g.*, *In re Dexcom, Inc. Class Action Sec. Litig.*, 2025 WL 2606620, at *6 (S.D. Cal. Sept. 9, 2025) (declining "to consider the truth of the contents of [Forms 4] for the purpose of disputing Plaintiff's scienter allegations").

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' request for judicial notice with respect to Exhibits E, G, and M.

- 3 -

RESPONSE TO DEFENDANTS' RJN
CASE NO. 5:25-CV-00642-NW

| | | |
|---|---|---|
| 1 | | |
| 2 | Date: September 15, 2025 | Respectfully submitted, |
| 3 | | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |

*/s/*   *Richard M. Heimann*

Richard M. Heimann (S.B.N. 063607)
Katherine Lubin Benson (S.B.N. 259826)
Courtney J. Liss (S.B.N. 339493)
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
rheimann@lchb.com
kbenson@lchb.com
cliss@lchb.com

Steven E. Fineman (S.B.N. 140335)
Daniel P. Chiplock (*pro hac vice*)
Nicholas Diamand (*pro hac vice*)
Gabriel A. Panek (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212-355-9500)
sfineman@lchb.com
dchiplock@lchb.com
ndiamand@lchb.com
gpanek@lchb.com

Julie Goldsmith Reiser (*pro hac vice*)
Claire Marsden (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, Suite 800
Washington, DC 20005
Telephone: (202) 408-4600
jreiser@cohenmilstein.com
cmarsden@cohenmilstein.com

Michael B. Eisenkraft (*pro hac vice*)
Benjamin F. Jackson (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
meisenkraft@cohenmilstein.com
bjackson@cohenmilstein.com

*Counsel for Lead Plaintiff NYC Funds and Co-Lead Counsel for the Proposed Class*