GIBSON, DUNN & CRUTCHER LLP
BRIAN M. LUTZ, SBN 255976
    blutz@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200

JESSICA VALENZUELA, SBN 220934
    jvalenzuela@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301
Telephone: 650.849.5300

COLIN B. DAVIS, SBN 273942
    cdavis@gibsondunn.com
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
Telephone: 949.451.3800

*Attorneys for Defendants Block, Inc., Jack Dorsey,
and Amrita Ahuja*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CORINNE GONSALVES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BLOCK, INC., JACK DORSEY, and AMRITA AHUJA,<br><br>Defendants. | Case No. 5:25-cv-00642-NW<br><br><u>CLASS ACTION</u><br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE**<br><br><u>HEARING:</u><br><br>Date:       November 5, 2025<br>Time:       9:00 a.m.<br>Judge:      Hon. Noël Wise<br>Location:   Courtroom 3, 5th Floor |

All of Defendants' Exhibits offered in support of their Motion to Dismiss are subject to judicial notice or incorporated by reference in the Complaint.[1]  Indeed, Plaintiff does not oppose the Court incorporating by reference or taking judicial notice of the "vast majority" of Defendants' Exhibits. Plaintiff's Response to Defendants' Request for Judicial Notice, Dkt. No. 110, at 1 ("Opp."). Plaintiff's contention that some of the Exhibits cannot be considered for their truth either misunderstands why the Exhibits are being offered or misconstrues the relevant law.  The Court should reject Plaintiff's attempt to prevent the Court from considering matters that are subject to judicial notice and incorporated by reference.

**A. The Court Can Assume the Truth of Documents Incorporated by Reference.**

Plaintiff agrees that Exhibits A-D, F, H-L, and N-P are all "the proper subject of incorporation by reference."  Opp. 1.  As such, the Court can consider the Exhibits and assume the truth of the Exhibits for the purposes of the motion to dismiss.  *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *see also In re Ocera Therapeutics, Inc. Sec. Litig.*, 2018 WL 7019481 at *4-5 (N.D. Cal. Oct. 16, 2018), *aff'd*, 806 F. App'x 603 (9th Cir. 2020) (holding that an incorporated document can be offered for its truth when it is extensively referenced in the complaint).

While agreeing that the Exhibits are incorporated in the Complaint, Plaintiff seeks to limit their use in connection with the Motion.  Specifically, Plaintiff argues that Defendants cite the incorporated Exhibits to "dispute" allegations in the Complaint, running "afoul of the rules set forth in *Khoja*."  Opp. 1–2.  That argument oversimplifies the law and fails at its application.  The Ninth Circuit in *Khoja* held that "it is improper to assume the truth of an incorporated document if such assumptions ***only*** serve to dispute facts stated in a ***well-pleaded*** complaint."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) (emphases added); *see also In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("*Khoja* holds that an incorporated or noticed document's truth may not be assumed if the only purpose is to dispute or create a defense to a <u>well-pled</u> fact in a complaint.") (emphasis in original); *In re Palo Alto Networks, Inc. Sec. Litig.*, 2025 WL 1093247, at *10 n.7 (N.D.

---

[1] Unless stated otherwise, all capitalized terms have the same meaning as set forth in Defendants' Motion to Dismiss.

Gibson, Dunn & Crutcher LLP

DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE
CASE NO. 5:25-cv-00642-NW

Cal. Apr. 11, 2025) (same). By contrast, the "Court need not accept as true **_conclusory_** allegations that are contradicted by documents referenced in the Complaint." *In re Sentinelone, Inc. Sec. Litig.*, 2024 WL 3297150, at *2 (N.D. Cal. July 2, 2024) (emphasis added). Moreover, incorporated documents do not "dispute facts stated in a well-pleaded complaint" when they "provide a basis for [the] argument that Plaintiff[] sometimes inaccurately characterizes the content of those documents." *Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022). "[W]here the complaint makes conclusory allegations that are contradicted by documents referred to or incorporated in the complaint, a court may decline to accept such conclusory allegations as true." *Id.* (citing *J.K.J. v. City of San Diego*, 17 F.4th 1247, 1254 (9th Cir. 2021)); *see In re Eventbrite*, 2020 WL 2042078, at *7 ("*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." (emphasis in original)).

None of Defendants' Exhibits are offered "only" to dispute any "well-pled" allegations here. *Khoja*, 899 F.3d at 1003. As an initial matter, Plaintiff's argument that Defendants' Exhibits are "intended to dispute facts" is conclusory and does not identify *any* well-pled allegation disputed by the Exhibits. Opp. 2. Plaintiff only discusses Exhibits D and F, and even there fails to identify any allegations – much less well-pled allegations – which the Exhibits dispute. Opp. 1–2. Rather than disputing any allegations, Defendants' Exhibits "provide a basis for [Defendants'] arguments that [Plaintiff] inaccurately characterize[s] the documents or portions of the documents." *Pampena v. Musk*, 705 F. Supp. 3d 1018, 1038–39 (N.D. Cal. 2023) (finding documents incorporated by reference). For example, the Complaint quotes a single statement by Dorsey during Block's August 5, 2020 earnings call (Compl. ¶ 78), and Defendants ask this Court to incorporate the transcript of that call, Exhibit D, in order to "prevent [Plaintiff] from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002; Mot. 13. In other words, Defendants are not asking the Court to incorporate the transcript to dispute what Plaintiff claims was said on the earnings call; rather, the transcript is offered to contextualize the statements Plaintiff quotes and to challenge Plaintiff's unfounded characterizations of those statements. That is proper. *In re Eventbrite,* 2020 WL 2042078, at *7 ("[N]othing in *Khoja*

Gibson, Dunn & Crutcher LLP

DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE
CASE NO. 5:25-cv-00642-NW

prevents this Court from analyzing an alleged false statement in context."). The same is true of Exhibits A-C, F, H-L, and N-P: all of these Exhibits contain alleged misstatements that have been plucked by Plaintiff out of context. Incorporation by reference is thus necessary to prevent Plaintiff from selectively quoting these documents. *Khoja*, 899 F.3d at 1002; *Kang*, 620 F. Supp. 3d at 896.

**B. The Court Should Take Judicial Notice of Block's Form 10-Q and Dorsey and Ahuja's Form 4s.**

The only Exhibits subject to judicial notice that Plaintiff objects to are Exhibit M, Block's Form 10-Q for the quarter ending March 31, 2022, and Exhibits E and G, Form 4s reflecting Dorsey and Ahuja's stock sales during the Class Period. Plaintiff does not dispute that these Exhibits are SEC filings that are subject to judicial notice because they are "public record[s] not subject to reasonable dispute." *Bao v. Solarcity Corp.*, 2016 WL 4192177, at *4 n.2 (N.D. Cal. Aug. 9, 2016); *see Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings subject to judicial notice). Plaintiff only argues that it is improper to consider them "for the truth of the matters asserted therein." Opp. at 2. That argument fails because it misconstrues the purpose for which Exhibit M is offered.

First, as Plaintiff concedes, as an SEC filing, Block's 10-Q (Exhibit M) is judicially noticeable. *See Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043 (9th Cir. 2015). Although it is true that "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth," *Khoja*, 899 F.3d at 999, courts routinely take judicial notice of documents with unquestioned authenticity (such as SEC filings) when considering motions to dismiss securities fraud lawsuits for the purposes of demonstrating what information was available to the market during the class period. *Plumbers & Steamfitters Loc. 60 Pension Tr. v. Meta Platforms, Inc.*, 2024 WL 4251896, at *9 (N.D. Cal. Sept. 17, 2024) (citing *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)); *see In re Kalobios Pharms., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003 (N.D. Cal. 2017) (judicially noticing documents for purposes of showing information disclosed to the market ). That is what Exhibit M is offered for: Defendants cite the 10-Q to show that Block publicly disclosed that active accounts could

4

Gibson, Dunn & Crutcher LLP

include multiple accounts tied to a single customer. *See* Defendants' Motion to Dismiss, Dkt. No. 108 ("Mot."), at 13. It is the *disclosure* of this fact to the public that makes Block's statements about transacting active metrics not false or misleading, rather than its truth. *See In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) (taking judicial notice of publications to "indicate what was in the public realm at the time."); *see* Mot. at 13 (citing Ex. M for the proposition that Block "was transparent that 'active' accounts could include 'multiple accounts' tied to a single customer."). Nor is the information cited in the 10-Q – that active accounts could include multiple accounts tied to a single customer – "subject to varying interpretations," *Khoja*, 899 F.3d at 1000, such that judicially noticing it would be improper.

Second, it is likewise proper for the Court to take judicial notice of Form 4s showing that Dorsey and Ahuja's stock trades during the Class Period were pursuant to a 10b5-1 plan or for tax purposes at the pleading stage. *See* Defendants' Request for Judicial Notice and Incorporation by Reference, Dkt. No. 108-19 ("Request"), at 4–5. While "there is a split in this Circuit about whether courts may take judicial notice of Forms 4 to determine whether insider stock sales raise an inference of scienter," *see Hadian v. Fate Therapeutics, Inc.*, 2024 WL 4246083, at *9 n.9 (S.D. Cal. Sept. 19, 2024), courts within this district routinely allow it. *See, e.g., City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) ("[C]ourts may take judicial notice of SEC Forms 4, even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5–1 trading plan."); *Azar v. Yelp, Inc.*, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018) ("Courts in this circuit have routinely taken judicial notice of Forms 4 to determine whether insider stock sales raise an inference of scienter to support a § 10(b) action."); *Park v. GoPro, Inc.*, 2019 WL 1231175, at *7 (N.D. Cal. Mar. 15, 2019) (taking judicial notice of SEC Form 4s for the purpose of showing that defendants sold their shares pursuant to a 10b5-1 plan); *In re Twitter, Inc. Sec. Litig.*, 506 F. Supp. 3d 867, 874 (N.D. Cal. 2020), *aff'd sub nom. Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611 (9th Cir. 2022) (same). Plaintiff ignores this mountain of authority, instead pointing only to *Das v. Unity Software Inc.*, 2024 WL 1141733 (N.D. Cal. Mar. 15, 2024), where the Court did not even opine on whether Defendants' Form 4s could be considered to assess scienter, and *In re Dexcom, Inc. Class*

5

Gibson, Dunn & Crutcher LLP

*Action Sec. Litig.*, 2025 WL 2606620 (S.D. Cal. Sept. 9, 2025), an out-of-district case. The Court should follow the strong consensus in this district and judicially notice Exhibits E and G for the fact that Dorsey and Ahuja's Class Period sales were pursuant to a 10b5-1 trading plan or to satisfy tax obligations.

**C. The Court Can Further Take Judicial Notice of Exhibits Q, R, S to the Supplemental Lutz Declaration And Incorporate by Reference Exhibit Q.**

The Court can also incorporate by reference Exhibit Q. Exhibit Q is Block's 2020 Form 10-K, filed with SEC on or about February 23, 2021. This document is cited and discussed in paragraphs 86 and 165 of the Complaint, and is therefore incorporated by reference. *See* Request at 1-3. As an SEC filing, Exhibit Q is also subject to judicial notice. *See* Request at 3-5.

Exhibits R and S are charts detailing the true and correct closing stock prices for Block, prepared using historical price data from the official website of the New York Stock Exchange. Taking judicial notice of Block's stock price is proper. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n. 7 (9th Cir. 2008).

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court incorporate by reference Exhibits A-D, F, H-L, and N-Q and take judicial notice of Exhibits A-C, E-F, G-O, and Q-S to the Lutz Declaration.

Gibson, Dunn & Crutcher LLP

Dated:  October 15, 2025

GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Brian M. Lutz*
  Brian M. Lutz, SBN 255976
  blutz@gibsondunn.com
  One Embarcadero Center, Suite 2600
  San Francisco, CA 94111
  Telephone:  415.393.8200

*Attorneys for Defendants Block, Inc., Jack Dorsey, and Amrita Ahuja*

DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE
CASE NO. 5:25-cv-00642-NW

Gibson, Dunn & Crutcher LLP