GIBSON, DUNN & CRUTCHER LLP
BRIAN M. LUTZ, SBN 255976
    blutz@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200

JESSICA VALENZUELA, SBN 220934
    jvalenzuela@gibsondunn.com
JEFFREY D. LOMBARD, SBN 285371
    jlombard@gibsondunn.com
SOFIA RITALA, SBN 342253
    sritala@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301
Telephone: 650.849.5300

COLIN B. DAVIS, SBN 273942
    cdavis@gibsondunn.com
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
Telephone: 949.451.3800

*Attorneys for Defendant Block, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CORINNE GONSALVES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BLOCK, INC., JACK DORSEY, and AMRITA AHUJA,<br><br>Defendants. | Case No. 5:25-cv-00642-NW<br><br>**ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>CLASS ACTION<br><br>DEMAND FOR JURY TRIAL |

Defendants Block, Inc. ("Block" or the "Company"), Jack Dorsey, and Amrita Ahuja (collectively, "Defendants"), through their undersigned counsel, hereby answer the Amended Class Action Complaint, ECF No. 106 ("Complaint"), filed by Lead Plaintiff Teachers' Retirement System of the City of New York, New York City Employees' Retirement System, New York City Fire Pension Fund, New York City Board of Education Retirement System, Police Superior Officers' Variable Supplements Fund, Police Officers' Variable Supplements Fund, Firefighters' Variable Supplements Fund, Fire Officers' Variable Supplements Fund, New York City Fire Department Life Insurance Fund, and Teachers' Retirement System Variable A (collectively, the "NYC Funds" or "Lead Plaintiff").

Any allegation not expressly admitted is denied. Defendants do not, by noting or admitting that the Complaint purports to characterize or quote particular documents, admit the truth of any assertion in the referenced document. Moreover, headings and footnotes contained within the Complaint are not substantive allegations to which an answer is required. To the extent headings are substantive allegations to which an answer is required, Defendants deny those allegations. To the extent footnotes in the Complaint are deemed to be substantive allegations, Defendants' response to those allegations can be found in the paragraph in which the footnote is contained.

In answer to the Complaint, Defendants state as follows:

**<u>PREFACE (Pages 1 – 3)</u>**

The prefatory statements on page 1 through 3 of the Complaint (including the footnotes therein) state legal conclusions to which no response from Defendants is required. To the extent a response is required, Defendants admit that the Lead Plaintiff in this action is the NYC Funds and that the Defendants are Block, Inc., Jack Dorsey, and Amrita Ahuja. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identities and statements of the former employees ("FEs") on pages 1 through 3 of the Complaint, and, on that basis, deny them. Defendants otherwise deny the allegations on page 1 through 3 of the Complaint (including those of the footnotes therein).

### I.    **<u>"NATURE AND SUMMARY OF THE ACTION"</u>**

1.    To the extent the allegations in paragraph 1 purport to summarize and/or characterize

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn & Crutcher LLP

Block's Form 10-Ks during the purported Class Period, Defendants respectfully refer the Court to the complete Form 10-Ks, which speaks for themselves, for a true and correct statement of their contents. Except as expressly admitted, Defendants deny the allegations in paragraph 1.

2.    To the extent the allegations in paragraph 2 purport to summarize and/or characterize a February 26, 2020 letter from Block to its shareholders, a February 23, 2021 letter from Block to its shareholders, and a February 22, 2024 letter from Block to its shareholders, Defendants respectfully refer the Court to the complete February 26, 2020, February 23, 2021, and February 22, 2024 letters, which speak for themselves, for a true and correct statement of their contents. Except as expressly admitted, Defendants deny the allegations in paragraph 2.

3.    Defendants deny the first sentence of paragraph 3. To the extent the allegations in the third sentence of paragraph 3 purport to summarize and/or characterize whistleblower allegations from a February 16, 2024 NBC News article, Defendants respectfully refer the Court to the complete February 16, 2024 NBC News article, which speaks for itself, for a true and correct statement of its contents. To the extent the allegations in the fourth sentence of paragraph 3 purport to summarize and/or characterize the January 15, 2025 Settlement Agreement and Consent Order coordinated through the Conference of State Bank Supervisors and the Money Transmitter Regulators Association, the January 16, 2025 CFPB Consent Order, and the April 10, 2025 NYDFS Consent Order (collectively, the "Consent Orders"), Defendants respectfully refer the Court to the complete Consent Orders, which speak for themselves, for a true and correct statement of their contents. Except as expressly admitted, Defendants deny the allegations in paragraph 3.

4.    Defendants admit that paragraph 4 purports to summarize and/or characterize public statements made in earnings calls, investor presentations, and SEC filings, and Defendants respectfully refer the Court to the complete earnings call transcripts, investor presentations, and SEC filings, which speak for themselves, for a true and correct statement of their contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 regarding the investing community's alleged reliance and, on that basis deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 4.

Gibson, Dunn & Crutcher LLP

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

5. Defendants admit that paragraph 5 purports to summarize and/or characterize the March 23, 2023 report by Hindenburg Research (the "Hindenburg Report") and Block's March 23, 2023 response to the Hindenburg Report. Defendants respectfully refer the Court to the complete Hindenburg Report and Block's complete response, which speak for themselves, for a true and correct statement of their contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of why the state or federal agencies launched enforcement actions in paragraph 5 and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 5.

6. Defendants aver that Block's stock price at various points in time is a matter of public record and speaks for itself. Except as expressly admitted, Defendants deny the allegations in paragraph 6.

## II. "JURISDICTION AND VENUE"

7. Defendants need not respond to the allegations in paragraph 7 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that Lead Plaintiff purports to assert claims pursuant to the statutory provisions cited in paragraph 7. Except as expressly admitted, Defendants deny the allegations in paragraph 7.

8. Defendants admit that this Court has subject matter jurisdiction over this case.

9. Defendants admit that venue is proper in this judicial district. Except as expressly admitted, Defendants deny the allegations in paragraph 9.

10. Paragraph 10 states a legal conclusion to which no response from Defendants is required. To the extent that these allegations are deemed to be factual, Defendants deny the allegations in paragraph 10.

## III. "PARTIES"

### A. "Lead Plaintiff NYC Funds"

11. Defendants lack sufficient knowledge to respond to the allegations in the first sentence of paragraph 11, and, on that basis, deny them. As to the second and third sentences of

3

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn & Crutcher LLP

paragraph 11, Defendants need not respond to the extent they constitute legal conclusions. To the extent that the allegations in the second and third sentences are deemed to be factual and require a response, Defendants lack sufficient knowledge or information to form a belief as to whether Lead Plaintiff purchased Block Class A common stock during the class period and, on that basis, deny the allegation. Except as expressly admitted, Defendants deny the allegations in paragraph 11.

**B. "Defendants"**

12.     Defendants admit that Block's principal executive offices are located in Oakland, California and that it was co-founded in 2009 as Square, Inc. by Jack Dorsey and Jim McKelvey. Defendants also admit that the company was renamed Block, Inc. in 2021 and shares of Block Class A common stock trade on the New York Stock Exchange ("NYSE") under the ticker symbol "XYZ." Except as expressly admitted, Defendants deny the allegations in paragraph 12.

13.     Defendants admit that Dorsey is Block's Principal Executive Officer and has served as Block Head and Chairperson of its Board of Directors since April 2022, and prior to that time served as Chief Executive Officer, President and Chairperson of the Board of Directors. Except as expressly admitted, Defendants deny the allegations in paragraph 13.

14.     Defendants admit that Ahuja has served as the Foundational Lead and Chief Operating Officer of Block since February 2023, and has served as Chief Financial Officer of Block since January 2019.

15.     Defendants need not respond to the allegations in paragraph 15 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that Dorsey and Ahuja served as senior executive officers and/or directors during the alleged Class Period. Except as expressly admitted, Defendants deny the allegations in paragraph 15.

16.     Defendants need not respond to the allegations in paragraph 16 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that Dorsey and Ahuja reviewed Block public filings during the alleged Class Period, and participated on Block's earnings calls during the alleged Class Period.

4

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn & Crutcher LLP

Except as expressly admitted, Defendants deny the allegations in paragraph 16.

## IV.    **"SUMMARY OF THE FRAUD"**

### A.    **"Block Offers Mobile-First Financial Services for the Social Media Era."**

17.    Defendants admit that Jack Dorsey and Jim McKelvey founded Block as Square, Inc. in 2009. Defendants admit that Square, Inc.'s first offering was a Square product and that Square provides, among other things, point-of-sale software solutions and inventory and customer-relationship-management products. Defendants admit that Block offers financial products and services to both businesses and consumers. Except as expressly admitted, Defendants deny the allegations in paragraph 17.

18.    Defendants admit that Block has described its business as an "ecosystem of ecosystems." Defendants admit that Square and Cash App are two of Block's ecosystems. Except as expressly admitted, Defendants deny the allegations in paragraph 18.

19.    Defendants admit that Square enables businesses to accept card payments. Defendants admit that Square offers customizable point of sale solutions, inventory management, integration with customer relationship management software, payroll, and access to loans via Square Financial Services, Inc., among other services. Defendants also admit that Square generated $3.6 billion in gross profit in 2024, accounting for approximately 40% of Block's gross profit. Except as expressly admitted, Defendants deny the allegations in paragraph 19.

20.    Defendants admit that Cash App enables customers to store, send, receive, spend, invest, buy now, pay later ("BNPL"), borrow, and save money, among other services. Defendants admit that Cash App was founded as "Square Cash" in 2013 and at the time allowed Cash App users to make payments via email using debit card information. Except as expressly admitted, Defendants deny the allegations in paragraph 20.

21.    Defendants admit that, as stated in its public filings during the alleged Class Period, Block streamlined the onboarding process for Cash App, enabling customers to sign up in minutes. Defendants further admit that paragraph 21 purports to summarize and/or characterize the Cash App onboarding flow, and Defendants respectfully refer the Court to Cash App, which speaks for itself,

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn & Crutcher LLP

for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 21.

22.    Defendants deny the allegations in the first sentence of paragraph 22. Defendants admit that during the alleged Class Period, Cash App offered promotions that allowed users to earn rewards for referring friends, using new features, or making qualifying purchases. Except as expressly admitted, Defendants deny the allegations in paragraph 22.

23.    Defendants admit that Cash App was used by customers to receive recurring paychecks, tax refunds, and government disbursements. Except as expressly admitted, Defendants deny the allegations in paragraph 23.

24.    Defendants admit that during the alleged Class Period Cash App offered a variety of tools, including tools that allowed users to store balances within the app, receive wages or benefits through direct deposit, make purchases using a Cash App-branded Visa debit card, send and receive peer-to-peer payments, buy and sell bitcoin, invest in publicly traded equities through fractional shares, and file personal income taxes, among other services. Except as expressly admitted, Defendants deny the allegations in paragraph 24.

25.    Defendants admit that in 2020 Cash App generated $1.23 billion in gross profit, 45% of Block's total gross profit. Defendants admit that in 2024 Cash App generated $5.24 billion in gross profit, 59% of Block's total gross profit. Except as expressly admitted, Defendants deny the allegations in paragraph 25.

26.    To the extent the allegations in paragraph 26 purport to summarize and/or characterize Block's Form 10-Ks during the purported Class Period, Defendants respectfully refer the Court to the complete Form 10-Ks, which speak for themselves, for a true and correct statement of their contents. Except as expressly admitted, Defendants deny the allegations in paragraph 26.

27.    To the extent the allegations in paragraph 27 purport to summarize and/or characterize statements made at Block's 2022 Investor Day, Defendants respectfully refer the Court to the complete transcript from Block's 2022 Investor Day, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn & Crutcher LLP

paragraph 27.

28.    Defendants admit that during the alleged Class Period, Block reported the number of transacting active Cash App customers and/or Cash App transacting actives. Except as expressly admitted, Defendants deny the allegations in paragraph 28.

**B. "Cash App's 'Frictionless' User Experience Was a Magnet for Fraud and Criminality."**

29.    Defendants deny the allegations in paragraph 29.

30.    Defendants need not respond to the allegations in paragraph 30 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 30.

31.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identities and statements of FE 9 and other Block former employees in paragraph 31 and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 31.

32.    To the extent the allegations in paragraph 32 purport to summarize and/or characterize Defendants admit that paragraph 32 purports to summarize and/or characterize allegations in an April 10, 2025 New York Department of Financial Services' ("NYDFS") Consent Order, which allegations Block did not admit, Defendants respectfully refer the Court to the complete April 10, 2025 NYDFS Consent Order, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 32.

33(a).    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 1 in paragraph 33(a) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 33(a).

33(b).    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 5 in paragraph 33(b) and,

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn & Crutcher LLP

on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 33(b).

33(c). Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding purported identity and statements of FE 9 in paragraph 33(c) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 33(c).

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identities and statements of unknown former Block compliance employees and, on that basis, deny the allegations in the first sentence of paragraph 34. Defendants further deny the allegations in the second, third, fourth and fifth sentences of paragraph 34. Defendants admit that the sixth sentence of paragraph 34 purports to summarize and/or characterize the Hindenburg Report, and Defendants respectfully refer the Court to the complete Hindenburg Report, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 34.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identities and statements of FE 5 and FE 6 in paragraph 35 and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 35.

36. Defendants deny the allegations in the first and second sentences of paragraph 36. Defendants admit that the third sentence of paragraph 36 purports to summarize and/or characterize tweets by Jack Dorsey, and respectfully refer the Court to those complete tweets, which speak for themselves, for a true and correct statement of their contents. Except as expressly admitted, Defendants deny the allegations in paragraph 36.

37. Defendants deny the first sentence of paragraph 37. To the extent the allegations in the second sentence of paragraph 37 purport to summarize and/or characterize various state regulatory matters, Defendants respectfully refer the Court to those regulatory matters, which speak for themselves, for a true and correct statement of their contents. Except as expressly admitted,

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn & Crutcher LLP

Defendants deny the allegations in paragraph 37.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 6 in paragraph 38 and, on that basis, deny them.

39. Defendants deny the allegations in the first sentence of paragraph 39. Defendants admit that the second sentence of paragraph 39 purports to summarize and/or characterize the Hindenburg Report, and Defendants respectfully refer the Court to the complete Hindenburg Report, which speaks for itself, for a true and correct statement of its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identities and statements of the former employees in the third sentence of paragraph 39 and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 39.

39(a). Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 5 in paragraph 39(a) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 39(a).

39(b). Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 6 in paragraph 39(b) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 39(b).

39(c). Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 3 in paragraph 39(c) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 39(c).

39(d). Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 1 allegations in paragraph 39(d) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 39(d).

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn & Crutcher LLP

39(e).  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 9 in paragraph 39(e) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 39(e).

39(f).  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 8 in paragraph 39(f) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 39(f).

39(g).  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 2 in paragraph 39(g) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 39(g).

40.    Defendants deny the allegations in paragraph 40.

40(a).  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 1 in paragraph 40(a) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 40(a).

40(b).  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 7 in paragraph 40(b) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 40(b).

40(c).  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 9 in paragraph 40(c) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 40(c).

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn & Crutcher LLP

**C**. **"For Much of the Class Period, Defendants Were Aware of But Did Nothing to Remedy Cash App's Glaring Compliance Issues."**

41.    Defendants deny the allegations in the first sentence of paragraph 41, except admit that Dorsey and Ahuja were senior executive officers during the alleged Class Period. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identities and statements of multiple former employees whose allegations are summarized in paragraph 41 and, on that basis, deny the allegations in paragraph 41. Defendants aver that Jack Dorsey and Amrita Ahuja's stock sales are a matter of public record available in Block's publicly filed Form 4s and respectfully refer the Court to those complete Form 4s, which speak for themselves, for a true and correct statement of their contents. Except as expressly admitted, Defendants deny the allegations in paragraph 41.

42.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 2 in paragraph 42 and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 42.

43.    Defendants deny the first sentence of Paragraph 43. Defendants admit that paragraph 43 purports to summarize and/or characterize statements made on Block's May 4, 2023 earnings call, and Defendants respectfully refer the Court to the complete earnings call transcript, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 43.

**D. "In March 2023, the Hindenburg Report Begins to Expose the Truth About Cash App's Compliance Failures and Inflated User Metrics."**

44.    Defendants deny the allegations in paragraph 44.

45.    Defendants admit that paragraph 45 purports to summarize and/or characterize the Hindenburg Report, and Defendants respectfully refer the Court to the complete Hindenburg Report, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 45.

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn & Crutcher LLP

46.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and, on that basis, deny them.

47.    Defendants admit that paragraph 47 purports to summarize and/or characterize the Hindenburg Report, and Defendants respectfully refer the Court to the complete Hindenburg Report, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 47.

48.    Defendants admit that paragraph 48 purports to summarize and/or characterize the Hindenburg Report, and Defendants respectfully refer the Court to the complete Hindenburg Report, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 48.

49.    Defendants admit that paragraph 49 purports to summarize and/or characterize the Hindenburg Report, and Defendants respectfully refer the Court to the complete Hindenburg Report, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 49.

50.    Defendants deny the allegations in paragraph 50.

51.    Defendants lack knowledge or information sufficient to form a belief as to the truth of former employees' allegations in paragraph 51 and, on that basis, deny them.

51(a).  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 6 in paragraph 51(a) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 51(a).

51(b).  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identities and statements of FE 3 and FE 1 in paragraph 51(b) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 51(b).

51(c).  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 9 in paragraph 51(c) and,

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn & Crutcher LLP

on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 51(c).

52. Defendants admit that paragraph 52 purports to summarize and/or characterize a March 23, 2023 Bloomberg News article, and Defendants respectfully refer the Court to the complete March 23, 2023 Bloomberg News article, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 52.

53. Defendants aver that Block's stock price at various points in time is a matter of public record and speaks for itself. Except as expressly admitted, Defendants deny the allegations in paragraph 53.

**E. "Defendants Were Concerned About the Hindenburg Revelations Regarding the Company's User Metrics and Compliance Protocols."**

54. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 7 in paragraph 54 and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 54.

55. Defendants admit that paragraph 55 purports to summarize and/or characterize Block's March 23, 2023 response to the Hindenburg Report. Defendants respectfully refer the Court to Block's complete March 23, 2023 response to the Hindenburg Report, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 55.

56. Defendants admit that paragraph 56 purports to summarize and/or characterize Block's March 30, 2023 response to the Hindenburg Report. Defendants respectfully refer the Court to the complete Hindenburg Report and Block's complete response, which speak for themselves, for a true and correct statement of their contents. Except as expressly admitted, Defendants deny the allegations in paragraph 56.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn & Crutcher LLP

of the allegations regarding the purported identity and statements of FE 6 in the third and fourth sentences of paragraph 57 and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 57.

**F. "Further Corrective Disclosures Reveal the Falsity of Defendants' Statements Regarding Compliance and Cash App User Metrics."**

58.    Defendants admit that paragraph 58 purports to summarize and/or characterize the Hindenburg Research report titled "*Block's Response Confirmed Inflated User Counts While Ignoring Other Key Issues*" from March 31, 2023, and Defendants respectfully refer the Court to the complete Hindenburg report from March 31, 2023, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 58.

59.    Defendants admit that paragraph 59 purports to summarize and/or characterize Block's Form Q2 2023 10-Q, and Defendants respectfully refer the Court to that complete Form 10-Q from the second quarter of 2023, which speaks for itself, for a true and correct statement of its contents. Defendants aver that Block's stock price at various points in time is a matter of public record and speaks for itself. Except as expressly admitted, Defendants deny the allegations in paragraph 59.

60.    Defendants admit that paragraph 60 purports to summarize and/or characterize a February 16, 2024 NBC News article, and Defendants respectfully refer the Court to the complete February 16, 2024 NBC News article, which speaks for itself, for a true and correct statement of its contents. Defendants aver that Block's stock price at various points in time is a matter of public record and speaks for itself. Except as expressly admitted, Defendants deny the allegations in paragraph 60.

61.    Defendants admit that paragraph 61 purports to summarize and/or characterize an April 10, 2024 National Center on Sexual Exploitation letter, and Defendants respectfully refer the Court to the complete April 10, 2024 National Center on Sexual Exploitation letter, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants

Gibson, Dunn &
Crutcher LLP

deny the allegations in paragraph 61.

62. Defendants admit that paragraph 62 purports to summarize and/or characterize a May 1, 2024 NBC News article, and Defendants respectfully refer the Court to the complete May 1, 2024 NBC News article, which speaks for itself, for a true and correct statement of its contents. Defendants aver that Block's stock price at various points in time is a matter of public record and speaks for itself. Except as expressly admitted, Defendants deny the allegations in paragraph 62.

63. Defendants admit that paragraph 63 purports to summarize and/or characterize statements made on Block's May 2, 2024 earnings call, and Defendants respectfully refer the Court to the complete earnings call transcript, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 63.

**G. "In 2025, Block Enters into Consent Orders with Federal and State Regulators to Address Compliance Deficiencies."**

64. Defendants admit that paragraph 64 purports to summarize and/or characterize a January 15, 2025 Settlement Agreement and Consent Order between Block and state money transmission regulators from 48 states, coordinated through the Conference of State Bank Supervisors and the Money Transmitter Regulators Association, and Defendants respectfully refer the Court to the complete January 15, 2025 Settlement Agreement and Consent Order, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 64.

65. Defendants admit that paragraph 65 purports to summarize and/or characterize a January 16, 2025 CFPB Consent Order and January 16, 2025 CFPB press release, and Defendants respectfully refer the Court to the complete January 16, 2025 CFPB Consent Order and January 16, 2025 CFPB press release, which speak for themselves, for a true and correct statement of their contents. Except as expressly admitted, Defendants deny the allegations in paragraph 65.

66. Defendants admit that paragraph 66 purports to summarize and/or characterize an April 10, 2025 New York Department of Financial Services ("NYDFS") Consent Order, and Defendants respectfully refer the Court to the complete April 10, 2025 NYDFS Consent Order,

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn &
Crutcher LLP

which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 66.

67. Defendants deny the first sentence of paragraph 67. To the extent the allegations in paragraph 67 purport to summarize and/or characterize the "Consent Orders" and certain of Block's public filings, Defendants respectfully refer the Court to the complete Consent Orders and public filings, which speak for themselves, for a true and correct statement of their contents. Except as expressly admitted, Defendants deny the allegations in paragraph 67.

68. Defendants need not respond to the allegations in paragraph 68 to the extent they constitute legal conclusions. Defendants admit that paragraph 68 purports to summarize and/or characterize Block's Q1 2025 financial results. Defendants respectfully refer the Court to the complete Form 10-Q, which speaks for itself, for a true and correct statement of its contents. Defendants aver that Block's stock price at various points in time is a matter of public record and speaks for itself. Except as expressly admitted, Defendants deny the allegations in paragraph 68.

## V. "DEFENDANTS ISSUED MATERIALLY FALSE AND MISLEADING STATEMENTS DURING THE CLASS PERIOD."

69. Defendants need not respond to the allegations in paragraph 69 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 69.

70. Defendants need not respond to the allegations in paragraph 70 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 70.

### A. "Defendants Made Materially False and Misleading Statements in 2020."

#### 1. "February 26, 2020 Annual Report on Form 10-K (and Subsequent Annual SEC Filings)"

71. Defendants admit that the Company filed its annual report on Form 10-K for the fiscal year 2019 on Feb 26, 2020, and that paragraph 71 purports to summarize and/or characterize Block's 2019, 2020, 2021, 2022, 2023, and 2024 Form 10-Ks. Defendants respectfully refer the Court to the

16

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn & Crutcher LLP

complete Form 10-Ks, which speak for themselves, for a true and correct statement of their contents. Except as expressly admitted, Defendants deny the allegations in paragraph 71.

72. Defendants need not respond to the allegations in paragraph 72 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 72.

**2. "Throughout 2020, Defendants Made False and Misleading Statements about User Metrics in Shareholder Letters and Earnings Calls."**

73. Defendants admit that paragraph 73 purports to summarize and/or characterize a February 26, 2020 letter from Block to its shareholders, and Defendants respectfully refer the Court to the complete February 26, 2020 letter, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 73.

74. Defendants admit that paragraph 74 purports to summarize and/or characterize a May 6, 2020 letter from Block to its shareholders, and Defendants respectfully refer the Court to the complete May 6, 2020 letter, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 74.

75. Defendants admit that paragraph 75 purports to summarize and/or characterize an August 4, 2020 letter from Block to its shareholders, and Defendants respectfully refer the Court to the complete August 4, 2020 letter, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 75.

76. Defendants admit that paragraph 76 purports to summarize and/or characterize statements made on Block's August 5, 2020 earnings call, and Defendants respectfully refer the Court to the complete earnings call transcript, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 76.

77. Defendants admit that paragraph 77 purports to summarize and/or characterize statements made on Block's August 5, 2020 earnings call, and Defendants respectfully refer the Court to the complete earnings call transcript, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 77.

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn & Crutcher LLP

78.    Defendants admit that paragraph 78 purports to summarize and/or characterize statements made on Block's August 5, 2020 earnings call, and Defendants respectfully refer the Court to the complete earnings call transcript, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 78.

79.    Defendants admit that paragraph 79 purports to summarize and/or characterize a November 5, 2020 letter from Block to its shareholders, and Defendants respectfully refer the Court to the complete November 5, 2020 letter, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 79.

80.    Defendants need not respond to the allegations in paragraph 80 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 80.

**3. "Block Made False and Misleading Statements about Cash App's Compliance Efforts in Response to 2020 Articles about Fraud on the Platform."**

81.    Defendants admit that paragraph 81 purports to summarize and/or characterize an October 11, 2020 New York Times article, and Defendants respectfully refer the Court to the complete October 11, 2020 New York Times article, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 81.

82.    Defendants need not respond to the allegations in paragraph 82 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 82.

83.    Defendants admit that paragraph 83 purports to summarize and/or characterize a November 18, 2020 CNBC article, and Defendants respectfully refer the Court to the complete November 18, 2020 CNBC article, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 83.

84.    Defendants need not respond to the allegations in paragraph 84 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require

Gibson, Dunn &
Crutcher LLP

a response, Defendants deny the allegations in paragraph 84.

**B. "Defendants Made Materially False and Misleading Statements in 2021."**

**1. "Throughout 2021, Defendants Continued to Make False and Misleading Statements about User Metrics."**

85.    Defendants admit that paragraph 85 purports to summarize and/or characterize a February 23, 2021 letter from Block to its shareholders, and Defendants respectfully refer the Court to the complete February 23, 2021 letter, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 85.

86.    Defendants admit that paragraph 86 purports to summarize and/or characterize Block's 2021 Form 10-K, and Defendants respectfully refer the Court to the complete Form 10-K, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 86.

87.    Defendants admit that paragraph 87 purports to summarize and/or characterize an August 1, 2021 letter from Block to its shareholders, and Defendants respectfully refer the Court to the complete August 1, 2021 letter, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 87.

88.    Defendants admit that paragraph 88 purports to summarize and/or characterize statements made on Block's August 2, 2021 earnings call, and Defendants respectfully refer the Court to the complete earnings call transcript, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 88.

89.    Defendants admit that paragraph 89 purports to summarize and/or characterize statements made on Block's November 4, 2021 earnings call, and Defendants respectfully refer the Court to the complete earnings call transcript, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 89.

90.    Defendants need not respond to the allegations in paragraph 90 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 90.

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn &
Crutcher LLP

**2. "Defendants Also Made False and Misleading Statements about Block's Compliance Efforts in 2021."**

91.    Defendants admit that paragraph 91 purports to summarize and/or characterize an April 23, 2021 KATV report, and Defendants respectfully refer the Court to the complete April 23, 2021 KATV report, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 91.

92.    Defendants admit that paragraph 92 purports to summarize and/or characterize an August 15, 2021 NBC News article, and Defendants respectfully refer the Court to the complete August 15, 2021 NBC News article, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 92.

93.    Defendants need not respond to the allegations in paragraph 93 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 93.

**C. "Defendants Made Materially False and Misleading Statements in 2022."**

**1. "In a February 24, 2022 Letter to Shareholders, Block Replaced the 'Transacting Active Cash App Customers' Metric with 'Transacting Actives.'"**

94.    Defendants admit that paragraph 94 purports to summarize and/or characterize a February 24, 2022 letter from Block to its shareholders, and Defendants respectfully refer the Court to the complete February 24, 2022 letter, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 94.

95.    Defendants admit that a single alias identifier can have one or more other transacting active accounts. Except as expressly admitted, Defendants deny the allegations in paragraph 95.

96.    Defendants need not respond to the allegations in paragraph 96 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that paragraph 96 purports to summarize and/or characterize a February 24, 2022 letter from Block to its shareholders. Defendants respectfully refer the Court to the complete February 24, 2022 letter, which speaks for itself, for a true and correct statement of its

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn & Crutcher LLP

contents. Except as expressly admitted, Defendants deny the allegations in paragraph 96.

97.    Defendants need not respond to the allegations in paragraph 97 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that paragraph 97 purports to summarize and/or characterize a February 24, 2022 letter from Block to its shareholders. Defendants respectfully refer the Court to the complete February 24, 2022 letter, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 97.

98.    Defendants need not respond to the allegations in paragraph 98 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the actions or beliefs of financial analysts in the first sentence of paragraph 98 and, on that basis, deny them. Defendants admit that the second and third sentences of paragraph 98 purport to summarize and/or characterize an April 2022 Wells Fargo report, and Defendants respectfully refer the Court to the complete April 2022 Wells Fargo report, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 98.

99.    Defendants need not respond to the allegations in paragraph 99 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 99.

**2. "Block's February 2022 Form 10-K Confused Customer and Account Metrics."**

100.    Defendants admit that paragraph 100 purports to summarize and/or characterize Block's 2021 Form 10-K. Defendants respectfully refer the Court to the complete Form 10-K, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 100.

101.    Defendants need not respond to the allegations in paragraph 101 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that paragraph 101 purports to summarize and/or characterize Block's

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn & Crutcher LLP

2021 Form 10-K. Defendants respectfully refer the Court to the complete Form 10-K, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 101.

102.    Defendants need not respond to the allegations in paragraph 102 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 102.

**3. "Defendants Continued to Mislead the Public about Cash App User Metrics Throughout 2022."**

103.    Defendants need not respond to the allegations in paragraph 103 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that paragraph 103 purports to summarize and/or characterize statements made on Block's February 24, 2022 earnings call, and Defendants respectfully refer the Court to the complete earnings call transcript, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 103.

104.    Defendants admit that paragraph 104 purports to summarize and/or characterize statements made on Block's February 24, 2022 earnings call, and Defendants respectfully refer the Court to the complete earnings call transcript, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 104.

105.    Defendants admit that paragraph 105 purports to summarize and/or characterize statements made on Block's August 4, 2022 earnings call, and Defendants respectfully refer the Court to the complete earnings call transcript, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 105.

106.    Defendants admit that paragraph 106 purports to summarize and/or characterize a November 3, 2022 letter from Block to its shareholders, and Defendants respectfully refer the Court to the complete November 3, 2022 letter, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 106.

107.    Defendants need not respond to the allegations in paragraph 107 to the extent they

Gibson, Dunn &
Crutcher LLP

constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 107.

**4. "Block Updated the Definition of "Transacting Actives" in a May 5, 2022 Shareholder Letter."**

108. Defendants admit that paragraph 108 purports to summarize and/or characterize a May 5, 2022 letter from Block to its shareholders, and Defendants respectfully refer the Court to the complete May 5, 2022 letter, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 108.

109. Defendants deny the allegations in paragraph 109.

**5. "The Company Continued to Make False and Misleading Statements in Response to Public Scrutiny Relating to Fraud on Cash App."**

110. Defendants admit that paragraph 110 purports to summarize and/or characterize an August 24, 2022 Vice article, and Defendants respectfully refer the Court to the complete August 24, 2022 Vice article, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 110.

111. Defendants need not respond to the allegations in paragraph 111 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 111.

**D. "Defendants Made Materially False and Misleading Statements in 2023."**

112. Defendants admit that paragraph 112 purports to summarize and/or characterize a February 23, 2023 letter from Block to its shareholders and Block's 2022 Form 10-K, and Defendants respectfully refer the Court to the complete February 23, 2023 letter and Block's 2022 Form 10-K, which speak for themselves, for a true and correct statement of their contents. Except as expressly admitted, Defendants deny the allegations in paragraph 112.

113. Defendants need not respond to the allegations in paragraph 113 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 113.

Gibson, Dunn & Crutcher LLP

114.    Defendants admit that paragraph 114 purports to summarize and/or characterize Block's 2022 Form 10-K, and Defendants respectfully refer the Court to the complete Form 10-K, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 114.

115.    Defendants need not respond to the allegations in paragraph 115 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 115.

116.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the actions or beliefs of financial analysts in paragraph 116 and, on that basis, deny them. Defendants admit that paragraph 116 purports to summarize and/or characterize a March 2023 Phillip Capital report and the Hindenburg Report, and Defendants respectfully refer the Court to the complete Phillip Capital report and Hindenburg Report, which speak for themselves, for a true and correct statement of their contents. Except as expressly admitted, Defendants deny the allegations in paragraph 116.

**2. "The March 2023 Hindenburg Report Revealed the False and Misleading Nature of Defendants' Statements Regarding Compliance, Fraud Prevention, and User Metrics."**

117.    Defendants need not respond to the allegations in paragraph 117 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that paragraph 117 purports to summarize and/or characterize Block's March 30, 2023 response to the Hindenburg Report, and Defendants respectfully refer the Court to the complete March 30, 2023 response, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 117.

118.    Defendants need not respond to the allegations in paragraph 118 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 118.

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn & Crutcher LLP

**3. "Before and After the Hindenburg Report, Defendants Repeatedly Conflated Monthly Active Accounts with Actual Customers."**

119. Defendants need not respond to the allegations in paragraph 119 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that paragraph 119 purports to summarize and/or characterize statements made on Block's February 23, 2023 earnings call, and Defendants respectfully refer the Court to the complete earnings call transcript, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 119.

120. Defendants admit that paragraph 120 purports to summarize and/or characterize statements made on Block's May 4, 2023 earnings call, and Defendants respectfully refer the Court to the complete earnings call transcript, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 120.

121. Defendants admit that paragraph 121 purports to summarize and/or characterize a May 4, 2023 letter from Block to its shareholders, and Defendants respectfully refer the Court to the complete May 4, 2023 letter, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 121.

122. Defendants admit that paragraph 122 purports to summarize and/or characterize statements made on Block's August 3, 2023 earnings call, and Defendants respectfully refer the Court to the complete earnings call transcript, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 122.

123. Defendants admit that paragraph 123 purports to summarize and/or characterize statements made on Block's November 2, 2023 earnings call, and Defendants respectfully refer the Court to the complete earnings call transcript, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 123.

124. Defendants admit that paragraph 124 purports to summarize and/or characterize statements made on Block's November 2, 2023 earnings call, and Defendants respectfully refer the Court to the complete earnings call transcript, which speaks for itself, for a true and correct statement

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn &
Crutcher LLP

of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 124.

125.   Defendants need not respond to the allegations in paragraph 125 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 125.

**4. "Following the Hindenburg Report, Defendants Continued to Make False and Misleading Statements about Block's Compliance Efforts."**

126.   Defendants admit that paragraph 126 purports to summarize and/or characterize statements made on Block's May 4, 2023 earnings call, and Defendants respectfully refer the Court to the complete earnings call transcript, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 126.

127.   Defendants admit that paragraph 127 purports to summarize and/or characterize statements made on Block's May 4, 2023 earnings call, and Defendants respectfully refer the Court to the complete earnings call transcript, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 127.

128.   Defendants need not respond to the allegations in paragraph 128 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 128.

**E. "Defendants Made Materially False and Misleading Statements in 2024."**

129.   Defendants admit that paragraph 129 purports to summarize and/or characterize a February 22, 2024 letter from Block to its shareholders, and Defendants respectfully refer the Court to the complete February 22, 2024 letter, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 129.

130.   Defendants need not respond to the allegations in paragraph 130 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that paragraph 130 purports to summarize and/or characterize a December 1, 2024 online post by Block. Defendants respectfully refer the Court to the complete December 1, 2024 online post, which speaks for itself, for a true and correct statement of its contents.

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn &
Crutcher LLP

Except as expressly admitted, Defendants deny the allegations in paragraph 130.

131.    Defendants need not respond to the allegations in paragraph 131 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 131.

## VI. "ADDITIONAL ALLEGATIONS OF SCIENTER"

132.    Defendants need not respond to the allegations in paragraph 132 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 132.

133.    Defendants need not respond to the allegations in paragraph 133 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 133.

### A. "Individual Scienter of Dorsey and Ahuja"

134.    Defendants need not respond to the allegations in paragraph 134 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that Dorsey and Ahuja served as senior executive officers during the alleged Class Period. Except as expressly admitted, Defendants deny the allegations in paragraph 134.

135.    Defendants need not respond to the allegations in paragraph 135 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 135.

135(a). Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 4 in paragraph 135(a) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 135(a)

135(b). Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 2 in paragraph 135(b) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn &
Crutcher LLP

135(b).

136.    Defendants deny the allegations in paragraph 136.

136(a). Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 7 in paragraph 136(a) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 136(a).

136(b). Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 2 in paragraph 136(b) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 136(b).

136(c). Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 3 in paragraph 136(c) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 136(c).

136(d). Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 6 in paragraph 136(d) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 136(d).

136(e). Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 9 in paragraph 136(e) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 136(e).

137.    Defendants deny the allegations in paragraph 137.

137(a). Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identities and statements of FE 1 and FE 2 in paragraph 137(a) and, on that basis, deny them. Defendants admit that footnote 18 to paragraph 137(a) purports to summarize and/or characterize Block's 2020 Proxy Statement, and Defendants respectfully refer

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn &
Crutcher LLP

the Court to the complete Proxy Statement, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 137(a).

137(b). Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 2 in paragraph 137(b) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 137(b).

137(c). Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 2 in paragraph 137(c) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 137(c).

138. Defendants need not respond to the allegations in paragraph 138 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that Dorsey is Block's Principal Executive Officer and has served as Block Head and Chairperson of its Board of Directors since April 2022, and prior to that time Dorsey served as Chief Executive Officer, President and Chairperson of the Board of Directors. Defendants also admit that Block conducted an annual Enterprise Risk Assessment during each year of the Class Period. Except as expressly admitted, Defendants deny the allegations in paragraph 138.

139. Defendants need not respond to the allegations in paragraph 139 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that paragraph 139 purports to summarize and/or characterize Block's proxy statements during the alleged Class Period, and Defendants respectfully refer the Court to those complete proxy statements, which speak for themselves, for a true and correct statement of their contents. Except as expressly admitted, Defendants deny the allegations in paragraph 139.

140. Defendants need not respond to the allegations in paragraph 140 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 4 in paragraph 140 and, on that

Gibson, Dunn & Crutcher LLP

29

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 140.

141. Defendants need not respond to the allegations in paragraph 141 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that Ahuja has served as Foundational Lead and Chief Operating Officer of Block since February 2023, and has served as Chief Financial Officer of Block since January 2019. Defendants admit that Ahuja interacted with members of Block's Audit and Risk Committee from time to time during the alleged Class Period, and that Block's Audit and Risk Committee assists the Block Board of Directors in overseeing risks associated with financial matters, among other functions. Defendants admit that the third sentence of paragraph 141 purports to summarize and/or characterize Block's Proxy Statements, and Defendants respectfully refer the Court to those complete Proxy Statements, which speak for themselves, for a true and correct statement of their contents. Except as expressly admitted, Defendants deny the allegations in paragraph 141.

142. Defendants need not respond to the allegations in paragraph 142 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 142.

143. Defendants need not respond to the allegations in paragraph 143 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants admit that Dorsey and Ahuja served as senior executive officers during the alleged Class Period. Defendants admit that paragraph 143 purports to summarize and/or characterize statements made on Block's August 2020 earnings call, and Defendants respectfully refer the Court to the complete earnings call transcript, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 143.

144. Defendants need not respond to the allegations in paragraph 144 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 144.

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn &
Crutcher LLP

145.    Defendants need not respond to the allegations in paragraph 145 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that Jack Dorsey and Amrita Ahuja's stock sales are a matter of public record available in Block's publicly filed Form 4s and respectfully refer the Court to those complete Form 4s, which speak for themselves, for a true and correct statement of their contents. Except as expressly admitted, Defendants deny the allegations in paragraph 145.

**B. "Corporate Scienter"**

146.    Defendants need not respond to the allegations in paragraph 146 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identities and statements of former employees in paragraph 146 and, on that basis, deny them.

147.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identities and statements of former employees in paragraph 147 and, on that basis, deny them.

147(a). Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 1 in paragraph 147(a) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 147(a).

147(b). Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 2 in paragraph 147(b) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 147(b).

147(c). Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identities and statements of FE 1 and FE 6 in paragraph 147(c) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 147(c).

31

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn & Crutcher LLP

148.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identities and statements of former employees in paragraph 148 and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 148.

148(a). Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 7 in paragraph 148(a) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 148(a).

148(b). Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of FE 1 in paragraph 148(b) and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 148(b).

149.    Defendants admit that paragraph 149 purports to summarize and/or characterize Block's 2022 and 2023 Proxy Statements, and Defendants respectfully refer the Court to the complete 2022 and 2023 Proxy Statements, which speak for themselves, for a true and correct statement of their contents. Except as expressly admitted, Defendants deny the allegations in paragraph 149.

150.    Defendants need not respond to the allegations in paragraph 150 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identities and statements of FE 7 and FE 2 in paragraph 150 and, on that basis, deny them.

151.    Defendants admit that Block conducted Enterprise Risk Assessments during the alleged Class Period, the results of which were shared with the Board. Defendants also admit that paragraph 151 purports to summarize and/or characterize Block's Proxy Statements, and Defendants respectfully refer the Court to those complete Proxy Statements, which speak for themselves, for a true and correct statement of their contents. Except as expressly admitted, Defendants deny the

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn & Crutcher LLP

allegations in paragraph 151.

### VII. "EXPERT ANALYSIS CONFIRMS BLOCK'S USER METRIC STATEMENTS WERE MATERIALLY FALSE AND MISLEADING."

152.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 and, on that basis, deny them.

153.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 and, on that basis, deny them.

154.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 and, on that basis, deny them.

155.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 and, on that basis, deny them.

156.    Defendants need not respond to the allegations in paragraph 156 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 and, on that basis, deny them.

157.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157 and, on that basis, deny them.

158.    Defendants need not respond to the allegations in paragraph 158 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158 and, on that basis, deny them.

159.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159 and, on that basis, deny them.

160.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160 and, on that basis, deny them.

161.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 161 and, on that basis, deny them. Defendants

admit that paragraph 161 purports to summarize and/or characterize an August 4, 2020 letter from Block to its shareholders, and Defendants respectfully refer the Court to the complete August 4, 2020 letter, which speaks for itself, for a true and correct statement of its contents.

162.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 162 and, on that basis, deny them. Defendants admit that paragraph 162 purports to summarize and/or characterize a February 24, 2022 letter from Block to its shareholders, and Defendants respectfully refer the Court to the complete February 24, 2022 letter, which speaks for itself, for a true and correct statement of its contents

163.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163 and, on that basis, deny them.

164.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 and, on that basis, deny them.

165.    Defendants admit that paragraph 165 purports to summarize and/or characterize Block's 2020 Form 10-K, and Defendants respectfully refer the Court to the complete Form 10-K, which speaks for itself, for a true and correct representation of its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 165 and, on that basis, deny them.

166.    Defendants need not respond to the allegations in paragraph 166 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 166.

167.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167 and, on that basis, deny them.

**VIII.  "DEFENDANTS' MISREPRESENTATIONS AND OMISSIONS CAUSED INVESTORS' LOSSES."**

168.    Defendants need not respond to the allegations in paragraph 168 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that Block's stock price at various points in time is a matter of public

34

Gibson, Dunn & Crutcher LLP

record and speaks for itself. Except as expressly admitted, Defendants deny the allegations in paragraph 168.

169.    Defendants need not respond to the allegations in paragraph 169 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 169.

170.    Defendants need not respond to the allegations in paragraph 170 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 170..

### A. "March 23, 2023: The Hindenburg Report Partially Reveals Defendants' Fraud."

171.    Defendants admit that paragraph 171 purports to summarize and/or characterize the Hindenburg Report, and Defendants respectfully refer the Court to the complete Hindenburg Report, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 171.

172.    Defendants admit that paragraph 172 purports to summarize and/or characterize the Hindenburg Report, and Defendants respectfully refer the Court to the complete Hindenburg Report, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 172.

173.    Defendants need not respond to the allegations in paragraph 173 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that Block's stock price at various points in time is a matter of public record and speaks for itself. Except as expressly admitted, Defendants deny the allegations in paragraph 173.

### B. "August 3, 2023: Block Discloses Regulatory Scrutiny Related to the Hindenburg Report."

174.    Defendants admit that paragraph 174 purports to summarize and/or characterize Block's Q2 2023 Form 10-Q, and Defendants respectfully refer the Court to the complete Form 10-Q, which speaks for itself, for a true and correct statement of its contents. Except as expressly

35

Gibson, Dunn & Crutcher LLP

admitted, Defendants deny the allegations in paragraph 174.

175.    Defendants admit that paragraph 175 purports to summarize and/or characterize Block's Q2 2023 Form 10-Q, and Defendants respectfully refer the Court to the complete Form 10-Q, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 175.

176.    Defendants need not respond to the allegations in paragraph 176 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that Block's stock price at various points in time is a matter of public record and speaks for itself. Except as expressly admitted, Defendants deny the allegations in paragraph 176.

**C. "February 16,2024: NBC News Reports Whistleblower Allegations Relating to the Absence of Internal Controls at Cash App."**

177.    Defendants admit that paragraph 177 purports to summarize and/or characterize a February 16, 2024 NBC News article, and Defendants respectfully refer the Court to the complete February 16, 2024 NBC News article, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 177.

178.    Defendants admit that paragraph 178 purports to summarize and/or characterize a February 16, 2024 NBC News article, and Defendants respectfully refer the Court to the complete February 16, 2024 NBC News article, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 178.

179.    Defendants admit that paragraph 179 purports to summarize and/or characterize a February 16, 2024 NBC News article, and Defendants respectfully refer the Court to the complete February 16, 2024 NBC News article, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 179.

180.    Defendants need not respond to the allegations in paragraph 180 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that Block's stock price at various points in time is a matter of public

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn &
Crutcher LLP

record and speaks for itself. Except as expressly admitted, Defendants deny the allegations in paragraph 180.

**D. "May 1,2024: NBC News Reports on Another Former Employee's Revelations About Cash App's Willfully Insufficient Compliance."**

181.    Defendants admit that paragraph 181 purports to summarize and/or characterize a May 1, 2024 NBC News article, and Defendants respectfully refer the Court to the complete May 1, 2024 NBC News article, which speaks for itself, for a true and correct statement of its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 181.

182.    Defendants need not respond to the allegations in paragraph 182 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants aver that Block's stock price at various points in time is a matter of public record and speaks for itself. Except as expressly admitted, Defendants deny the allegations in paragraph 182.

**E. "May 2, 2025: Block Posts Another Disappointing Quarter of Earnings on Flat User Growth."**

183.    Defendants deny the allegations in paragraph 183.

184.    Defendants deny the allegations in the first sentence of paragraph 184. Defendants admit that the second sentence of paragraph 184 purports to summarize and/or characterize Block's 2025 Q1 Form 8-K, and Defendants respectfully refer the Court to the complete Form 8-K, which speaks for itself, for a true and correct statement of its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the actions or beliefs of financial analysts in the third sentence in paragraph 184 and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 184.

185.    Defendants admit that paragraph 185 purports to characterize and/or summarize reports from analysts at Wells Fargo, Mizuho, and Reuters, and Defendants respectfully refer the Court to the complete reports, which speak for themselves, for a true and correct statement of their contents. Except as expressly admitted, Defendants deny the allegations in paragraph 185.

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn & Crutcher LLP

186.    Defendants aver that Block's stock price at various points in time is a matter of public record and speaks for itself. Except as expressly admitted, Defendants deny the allegations in paragraph 186.

187.    Defendants deny the allegations in paragraph 187.

## IX. "INAPPLICABILITY OF THE STATUTORY SAFE HARBOR"

188.    Defendants need not respond to the allegations in paragraph 188 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 188.

189.    Defendants need not respond to the allegations in paragraph 189 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 189.

190.    Defendants need not respond to the allegations in paragraph 190 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 190.

## X. "PRESUMPTION OF RELIANCE"

191.    Defendants need not respond to the allegations in paragraph 191 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 191.

192.    Defendants admit Block's Class A common stock was traded on the NYSE under the ticker symbols "SQ" and "XYZ" during the alleged Class Period. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of whether the Lead Plaintiff and members of the Class purchased and/or sold Block common stock, in subpart (g) of paragraph 192 and, on that basis, deny them. Defendants need not respond to the allegations in paragraph 192, including subparts (a) to (g), to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 192.

193.    Defendants need not respond to the allegations in paragraph 193 to the extent they

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn &
Crutcher LLP

constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 193.

194.    Defendants need not respond to the allegations in paragraph 194 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 194.

## XI. "CLASS ACTION ALLEGATIONS"

195.    Defendants admit that Lead Plaintiff purports to bring this action on its own and as a class action. Defendants need not respond to the allegations in paragraph 195 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 195. Except as expressly admitted, Defendants deny the allegations in paragraph 195.

196.    Defendants need not respond to the allegations in paragraph 196 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 196.

197.    Defendants need not respond to the allegations in paragraph 197 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 197.

198.    Defendants need not respond to the allegations in paragraph 198 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 198.

199.    Defendants need not respond to the allegations in paragraph 199, including subparts (a) to (g), to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 199.

200.    Defendants need not respond to the allegations in paragraph 200 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 200.

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn &
Crutcher LLP

## XII. "CLAIMS FOR RELIEF"

### "COUNT I
Violation of Section 10(b) of the Exchange Act and SEC Rule 10b-5(b)
against Block, Dorsey, and Ahuja"

201. Defendants repeat their responses to each and every allegation contained above as if fully set forth herein.

202. Defendants need not respond to the allegations in paragraph 202 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 202.

203. Defendants need not respond to the allegations in paragraph 203 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 203.

204. Defendants need not respond to the allegations in paragraph 204 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 204.

205. Defendants need not respond to the allegations in paragraph 205 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 205.

206. Defendants need not respond to the allegations in paragraph 206 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 206.

207. Defendants need not respond to the allegations in paragraph 207 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 207.

208. Defendants need not respond to the allegations in paragraph 208 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 208.

209. Defendants need not respond to the allegations in paragraph 209 to the extent they

40

Gibson, Dunn & Crutcher LLP

constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 209.

210. Defendants need not respond to the allegations in paragraph 210 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 210.

## "COUNT II
### Violation of Section 20(a) of the Exchange Act
### Against Dorsey and Ahuja"

211. Defendants repeat their responses to each and every allegation contained above as if fully set forth herein.

212. Defendants need not respond to the allegations in paragraph 212 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 212.

213. Defendants need not respond to the allegations in paragraph 213 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 213.

214. Defendants need not respond to the allegations in paragraph 214 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 214.

215. Defendants need not respond to the allegations in paragraph 215 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 215.

216. Defendants need not respond to the allegations in paragraph 216 to the extent they constitute legal conclusions. To the extent that these allegations are deemed to be factual and require a response, Defendants deny the allegations in paragraph 216.

## "XIII. PRAYER FOR RELIEF"

217. Defendants deny that Lead Plaintiff or any other member of the putative class Lead Plaintiff purports to represent are entitled to the relief sought in the Prayer for Relief or under any

Gibson, Dunn & Crutcher LLP

other theory, and Defendants request that the Court dismiss all claims against them with prejudice and order such further relief as the Court deems just and proper.

### "XIV. JURY DEMAND"

No response from Defendants is required to Plaintiff's Jury Trial Demand.

### DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants assert the following defenses without assuming the burden of proof as to any issue or element that otherwise rests with Plaintiff. This statement of defenses is based on Defendants' investigation to date, and Defendants reserve the right to supplement and amend these defenses during the course of the litigation.

### FIRST AFFIRMATIVE DEFENSE

Defendants are not liable because any alleged misrepresentations by Defendants were forward-looking statements accompanied by meaningful cautionary language and/or risk disclosures and are not actionable under the safe harbor provisions of the Private Securities Litigation Reform Act of 1995, and/or are not actionable under the bespeaks caution doctrine.

### SECOND AFFIRMATIVE DEFENSE

The alleged misstatements or omissions made or caused to be made by Defendants were based in reasonable reliance upon the work, opinions, information, representations, and advice of others upon whom Defendants were entitled to rely.

### THIRD AFFIRMATIVE DEFENSE

Lead Plaintiff's claims, and the claims of the putative class that Lead Plaintiff purports to represent, are barred in whole or in part because Lead Plaintiff, and the putative class that Lead Plaintiff purports to represent, would have purchased Block shares as they did, even with full knowledge of the facts Lead Plaintiff, and the putative class that Lead Plaintiff purports to represent, have now alleged were misrepresented or omitted by Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Lead Plaintiff's claims, and the claims of the putative class that Lead Plaintiff purports to represent, are barred in whole or in part because other events or disclosures unrelated to Defendants'

42

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn & Crutcher LLP

alleged material misrepresentations or omissions are responsible for any decline in Block's share value alleged to form the basis of Lead Plaintiff's claims and the claims of the putative class that Lead Plaintiff purports to represent.

**FIFTH AFFIRMATIVE DEFENSE**

Lead Plaintiff's claims, and the claims of the putative class that Lead Plaintiff purports to represent, are barred in whole or in part because any alleged damages that Lead Plaintiff, or the putative class that Lead Plaintiff purports to represent, suffered were caused by independent, intervening, and/or superseding events beyond Defendants' conduct, control, policies, acts, or alleged material misrepresentations or omissions.

**SIXTH AFFIRMATIVE DEFENSE**

Lead Plaintiff's claims, and the claims of the putative class that Lead Plaintiff purports to represent, are barred in whole or in part because Lead Plaintiff, and the putative class that Lead Plaintiff purports to represent, cannot prove that Lead Plaintiff, or the putative class that Lead Plaintiff purports to represent, suffered any cognizable injury, and further, the damages alleged by Lead Plaintiff, and the putative class that Lead Plaintiff purports to represent, if any, are speculative, uncertain, and/or contingent in violation of applicable law.

**SEVENTH AFFIRMATIVE DEFENSE**

Lead Plaintiff's claims, and the claims of the putative class that Lead Plaintiff purports to represent, are barred in whole or in part inasmuch as Lead Plaintiff, or the putative class that Lead Plaintiff purports to represent, sold their Block shares for a greater price than the price at which they purchased them, and therefore suffered no losses from their purchase of Block shares.

**EIGHTH AFFIRMATIVE DEFENSE**

Any recovery for damages allegedly incurred by Lead Plaintiff, or the putative class that Plaintiff purports to represent, should be offset in the amount of any tax benefits or other benefits received by Lead Plaintiff, or the putative class that Lead Plaintiff purports to represent, in connection with their ownership of Block shares.

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn & Crutcher LLP

## NINTH AFFIRMATIVE DEFENSE

Lead Plaintiff's claims, and the claims of the putative class that Lead Plaintiff purports to represent, are barred in whole or in part because Lead Plaintiff, and the putative class that Lead Plaintiff purports to represent, knew of the alleged material misrepresentations and omissions complained of.

## TENTH AFFIRMATIVE DEFENSE

Lead Plaintiff's claims, and the claims of the putative class that Lead Plaintiff purports to represent, are barred in whole or in part because Lead Plaintiff, and the putative class that Lead Plaintiff purports to represent, have failed to take reasonable actions to mitigate damages, if any, allegedly suffered as a result of Defendants' alleged material misstatements and omissions.

## ELEVENTH AFFIRMATIVE DEFENSE

Lead Plaintiff's claims, and the claims of the putative class that Lead Plaintiff purports to represent, are barred in whole or in part because Lead Plaintiff, and the putative class that Lead Plaintiff purports to represent, are sophisticated and knowledgeable investors, knew of the speculative nature and risks associated with an investment in Block, and therefore Lead Plaintiff, and the putative class that Lead Plaintiff purports to represent, assumed the risk of any alleged damages proximately caused thereby.

## TWELFTH AFFIRMATIVE DEFENSE

Lead Plaintiff's claims, and the claims of the putative class that Lead Plaintiff purports to represent, are barred in whole or in part because the substance of the allegedly omitted or misrepresented material information was in fact known and had entered the securities markets through credible sources prior to Lead Plaintiff's purchase, or the purchases of the putative class that Lead Plaintiff purports to represent, of Block shares.

## THIRTEENTH AFFIRMATIVE DEFENSE

Lead Plaintiff's request, and the requests of the putative class that Lead Plaintiff purports to represent, for interest are improper because equity dictates against such an award, and further, any such award would be unjust, arbitrary, oppressive, and confiscatory.

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn &
Crutcher LLP

## FOURTEENTH AFFIRMATIVE DEFENSE

Lead Plaintiff's claims, and the claims of the putative class that Lead Plaintiff purports to represent, are barred in whole or in part because Lead Plaintiff have failed to satisfy the applicable statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

Pursuant to the proportionate liability provisions of the Private Securities Litigation Reform Act in 15 U.S.C. § 78u-4(f), any alleged liability of Defendants under the Exchange Act must be limited to each Defendant's relative degree of fault in relation to that of all other responsible persons or entities, whether or not parties to this action, and any recovery for damages by Lead Plaintiff, or by the putative class that Lead Plaintiff purports to represent, should be reduced accordingly.

## SIXTEENTH AFFIRMATIVE DEFENSE

Lead Plaintiff's claims, and the claims of the putative class that Lead Plaintiff purports to represent, are barred because Dorsey and Ahuja acted in good faith and did not directly or indirectly induce the violation that led to the alleged economic injury.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As to control person liability alleged pursuant to Section 20(a) of the Securities Exchange Act of 1934, Plaintiffs' claims are barred because Dorsey and Ahuja did not culpably participate in any fraudulent scheme, misstatements of fact or omissions by others. Dorsey and Ahuja did not have knowledge of, or a reasonable ground to believe in the existence of, facts by reason of which the liability of the controlled person is alleged to have existed.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Dorsey and Ahuja are not liable for any alleged false or misleading statements or omissions of material fact that were made or caused to be made by others because Dorsey and Ahuja did not make those statements.

## NINETEENTH AFFIRMATIVE DEFENSE

Dorsey and Ahuja are entitled to recover contribution and/or indemnification from others for any liability they incur.

45

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn &
Crutcher LLP

## RESERVATION OF RIGHTS

Defendants reserve the right to amend these affirmative defenses and to assert additional affirmative defenses as the facts of this matter become known through litigation and discovery. Defendants further reserve the right to amend this Answer to raise any additional cross-claims or third-party claims not asserted herein as may be warranted by the revelation of information during discovery and investigation.

## PRAYER FOR RELIEF

Wherefore, Defendants pray as follows:

1. That Plaintiff takes nothing by this action;

2. That judgment be entered in favor of Defendants and against Plaintiff with respect to all causes of action in the Complaint;

3. That this action be dismissed in its entirety, with prejudice;

4. For costs incurred in defending this action;

5. For reasonable attorneys' fees incurred in defending this action; and

6. For such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Defendants demand a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues so triable.

Dated: February 23, 2026

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Brian M. Lutz*

Brian M. Lutz, SBN 255976
blutz@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200

46

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn & Crutcher LLP

Jessica Valenzuela, SBN 220934
jvalenzuela@gibsondunn.com
Jeffrey D. Lombard, SBN 285371
Jlombard@gibsondunn.com
Sofia Ritala, SBN 342253
sritala@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301
Telephone: 650.849.5300

Colin B. Davis, SBN 273942
cdavis@gibsondunn.com
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
Telephone: 949.451.3800

*Attorneys for Defendant Block, Inc.*

SIMPSON THACHER & BARTLETT LLP

By:  /s/ *Jonathan K. Youngwood*

Jonathan K. Youngwood, SBN 350373
jyoungwood@stblaw.com
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA 94105
Telephone: 415.426.7300

*Attorneys for Defendants Jack Dorsey and
Amrita Ahuja*

ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Gibson, Dunn &
Crutcher LLP