Richard M. Heimann (S.B.N. 063607)
Katherine Lubin Benson (S.B.N. 259826)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
rheimann@lchb.com
kbenson@lchb.com

Julie Goldsmith Reiser (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL
PLLC
1100 New York Avenue NW, 5th Floor
Washington, DC 20005
Telephone: (202) 408-4600
jreiser@cohenmilstein.com

*Counsel for Lead Plaintiff NYC Funds and
Co-Lead Counsel for Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CORINNE GONSALVES, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLOCK, INC., JACK DORSEY, and AMRITA AHUJA,<br><br>Defendants. | Case No. 5:25-cv-00642-NW<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF KATHERINE LUBIN BENSON REGARDING PROTECTIVE ORDER** |

I, Katherine Lubin Benson, declare as follows:

1.     I am a partner at the law firm of Lieff Cabraser Heimann & Bernstein LLP ("Lieff Cabraser").  I submit this declaration pursuant to paragraph H of Judge Wise's Standing Order for All Civil Cases, in support of the proposed Stipulated Protective Order ("Protective Order").

2.     The Parties' agreement as to the terms of the proposed Protective Order is the product of weeks-long negotiations in good faith.

**Protective Order**

3.    The proposed Protective Order is modified from the Northern District of California Model Protective Order for Standard Litigation ("Model Order").  The most significant change is that the proposed Protective Order modifies the procedure for inadvertent production of privileged or otherwise protected material in Section 11.  A redline comparing the proposed Protective Order and the Model Order is attached hereto as **Exhibit A.**

4.    The Parties agreed to make the following modifications to the Model Order:

a.    Add case-identifying information;

b.    In Section 1, making minor, non-substantive changes;

c.    In Section 2, making minor, non-substantive changes;

d.    In Section 2.7, expanding the definition of House Counsel;

e.    In Section 3, making minor, non-substantive changes;

f.    In Section 5.1, modifying the language to advise of exposure to "potential" sanctions and adding language that provides for a mistaken "or no longer appropriate" designation;

g.    In Section 5.2, removing parenthetical cross-reference to Section 5.2(a) and adding reference to Section 5.3;

h.    In Section 5.2(a), modifying the language to provide for designation of whole documents containing portions of Protected Material rather than portions of documents, and adding language to require documents produced in native format include a slip sheet with the "CONFIDENTIAL" legend;

i.    In Section 5.2(b), modifying the language to separate procedure for depositions from other pretrial or trial proceedings, adding language to permit written notice of such designation within 21 days following receipt of the final deposition transcript, and adding language to permit counsel to exclude from depositions persons not authorized to receive Protected Material during periods when such material is discussed;

j.    In Section 5.2(c), making minor, non-substantive changes;

k.    In Section 6.2, making minor, non-substantive changes;

l.      In Section 6.3, modifying the language regarding continuing protection obligations to last until resolution of the matter by agreement among the Parties or by the Court;

m.      In Section 7.2, making minor, non-substantive changes;

n.      In Section 7.2 (d), making minor, non-substantive changes;

o.      In Section 7.2(a), deleting language requiring employees of Outside Counsel of Record to sign the Acknowledgement and Agreement to Be Bound and adding language to include House Counsel;

p.      In Section 7.2(b), adding language to include a Receiving Party who is an individual and removing reference to House Counsel, now addressed in Section 7.2(a);

q.      In Section 7.2(e), adding a provision to allow for disclosure of "CONFIDENTIAL" information to mediators or settlement officers and their supporting personnel, special masters, or others engaged in this action who have signed the Acknowledgment and Agreement to be Bound;

r.      In Section 7.2(g) (formerly Section 7.2(f)), adding language to include trial testimony in the scope of the provision, deleting the language requiring witnesses to sign the Acknowledgement and Agreement to be Bound, and deleting the language requiring pages revealing Protected Material be separately bound and not disclosed to anyone;

s.      In Section 7.3, adding a provision to permit a Designating Party to disclose its own "CONFIDENTIAL" information to any person or entity without waiving the designation;

t.      In Section 7.4, adding a provision to require additional parties who join or are joined in the litigation to execute and file their agreement to be fully bound by the proposed Protective Order before accessing Protected Material;

u.      In Section 8(b), making minor, non-substantive changes;

v.      In Section 8(c), modifying the language to require the Receiving Party to take no position on the procedures sought by the Designating Party and adding language to permit production of material designated "CONFIDENTIAL" upon an order compelling such production from a court of competent jurisdiction;

w.      In Section 9(b)(2), making minor, non-substantive changes;

x.      In Section 9(c), making minor, non-substantive changes;

DECLARATION OF KATHERINE LUBIN BENSON
REGARDING PROTECTIVE ORDER
CASE NO. 5:25-CV-00642-NW

y.    In Section 10, making minor, non-substantive changes;

z.    In Section 11, modifying the language to provide a comprehensive framework (Sections 11.1 through 11.5) addressing:

i.    Notification requirements for privilege claims;

ii.    Reservation of the right to challenge privilege assertions;

iii.    Good faith notification upon receipt of potentially privileged documents;

iv.    Detailed clawback procedures for inadvertently produced documents subject to a claim of attorney-client privilege, attorney work-product doctrine, or any other applicable privilege; and

v.    Clarification that the agreement set forth in Section 11 does not constitute a concession that any documents are privileged and does not waive or limit the right to challenge any privilege claim asserted;

aa.    In Section 12.1, making minor, non-substantive changes;

bb.    In Section 12.2, making minor, non-substantive changes;

cc.    In Section 12.3, making minor, non-substantive changes; and

dd.    In Section 13, making minor, non-substantive changes.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11 day of March, 2026, at San Francisco, California.

/s/ *Katherine Lubin Benson*
Katherine Lubin Benson