UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CORINNE GONSALVES, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>BLOCK, INC., JACK DORSEY, and AMRITA AHUJA,<br><br>    Defendants. | Case No. 5:25-cv-00642-NW<br><br><u>CLASS ACTION</u><br><br>**[PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER** |

1.      **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further

acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.    **DEFINITIONS**

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that includes highly proprietary business, strategic, medical, financial commercially sensitive business information, trade secrets, or other similar information that is substantially likely to cause injury to the commercial, financial, strategic, or business interests of the Producing Party or its employees, customers, or clients if disclosed.  This designation is limited to use by third parties that substantiate the need for such designation in advance of production to both Plaintiff and Defendants. This designation shall not be used by Plaintiff or Defendants in the above-captioned case unless otherwise agreed by the Parties in writing.

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 5:25-CV-00642-NW

2.8    House Counsel: attorneys who are employees of, or counsel by operation of law to, a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

2.11    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under

no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    **DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or slow the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to potential sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken or no longer appropriate designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced or in compliance with Section 5.3.

Designation in conformity with this Order requires:

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 5:25-CV-00642-NW

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each such document or, in the case of documents produced in native format, by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to a slip sheet produced along with the document. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each such document or, in the case of documents produced in native format, by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to a slip sheet produced along with the document.

(b)    For testimony given in pretrial or trial proceedings, that the Designating Party identifies on the record before the close of the hearing or other proceeding, all such protected testimony; and for testimony given in depositions, that the Designating Party identifies within 21 days of receipt of the final transcript for any deposition, all such protected testimony.

Any Party may designate information disclosed at a deposition for protection under this Order by notifying all Parties in writing not later than 21 days of receipt of the final transcript that the entire transcript or portions thereof should be treated as Protected Material thereafter.

Counsel for a Party or a non-Party witness shall have the right to exclude from depositions any person who is not authorized to receive Protected Material under this Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which such Protected Material is used or discussed.  In such instances, notwithstanding anything to the contrary herein, the Designating Party must designate the protected testimony on the record in the deposition.

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 5:25-CV-00642-NW

(c)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    __CHALLENGING CONFIDENTIALITY DESIGNATIONS__

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, they shall comply with the discovery dispute procedures set forth in Judge DeMarchi's Standing Order for Civil Cases. Failure by the Designating Party to seek court intervention within the period set forth in the Standing Order for Civil Cases shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may seek relief with respect to a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. In any discovery dispute letter filed pursuant to this provision, the parties shall attest that they have complied with the meet and confer requirements imposed by the preceding paragraph and the Standing Order for Civil Cases.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Until the matter is resolved, by agreement among the Parties or by the Court, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation, as well as House Counsel;

(b)    the officers, directors, and employees of the Receiving Party, or any Receiving Party who is an individual, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    mediators or settlement officers and their supporting personnel, special masters, or others engaged by the Court or jointly by the Parties in this action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    during their depositions or trial testimony, witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the Court; and

(h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)      the Receiving Party's designated House Counsel, which for Defendant Block, Inc. shall be Martin White and Kamran Jivani, and for Plaintiff shall be Daniel Whitman and Elizabeth Slater;

(c)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)      the Court and its personnel;

(e)      mediators or settlement officers and their supporting personnel, special masters, or others engaged by the Court or jointly by the Parties in this action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)      court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)      during their depositions or trial testimony, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designated Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order

(h)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4      Disclosure of Protected Material by a Designating Party. Notwithstanding anything herein, a Designating Party shall not be prevented from disclosing any information or item that the same Designating Party designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any person or entity.  Such disclosure shall not constitute a waiver of any confidentiality designation.

7.5      Additional Parties. In the event additional parties join or are joined in this litigation, they shall not have access to Protected Material until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

8.      **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 5:25-CV-00642-NW

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)    take no position on the procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless (i) the Party has obtained the Designating Party's permission or (ii) a court of competent jurisdiction has entered an order compelling such production. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

11.1     If a Party or Non-Party designates information produced in discovery, or withholds from discovery information, protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, that Party or Non-Party must notify each Party that received the information, or from whom the information was withheld, within a reasonable time of such discovery of the claim and its basis.

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 5:25-CV-00642-NW

11.2    The Parties reserve the right to challenge any assertion by a Designating Party that a particular document, or collection or compilation of documents or data, is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.

11.3    If a Receiving Party receives a document from a Designating Party that the Receiving Party has reason to believe is privileged, the Receiving Party shall, in good faith, take reasonable steps to promptly notify the Designating Party of the production so that the Designating Party may determine whether to assert a claim of privilege.

11.4    If information subject to a claim of attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege is inadvertently or otherwise produced, such production shall not constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the Producing Party would otherwise be entitled.  This provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  The provisions of Rule 502(b) do not apply.  The Producing Party must provide written notice to a Receiving Party of the production of materials subject to a claim of privilege (the "Identified Materials").  Upon receipt of such notice, the Receiving Party shall not use or disclose the Identified Materials or the information contained therein for any purpose and must promptly return, sequester, or destroy all copies of the Identified Materials, except as otherwise described in this Paragraph. The Receiving Party's Outside Counsel of Record may use the Identified Materials and the information contained therein solely to assess and, if necessary, challenge the asserted privilege claim, including by submitting the Identified Materials to the Court under seal for a determination of the claim.  Only the Receiving Party's Outside Counsel of Record may view such Identified Materials before an order from the court overruling the previously asserted privilege claim.  Following written notice to the Producing Party, and conferral, the Receiving Party may challenge the designation and seek an Order compelling production of the material, consistent with the Court's local rules and any applicable standing orders. The Receiving Party may not use the fact of production to argue that any applicable privilege has been waived. The Designating Party must preserve the Identified Materials in their as-produced form until any dispute regarding the claim is resolved. Nothing in this Order is intended to alter, and this Order shall be interpreted consistent with, Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5).

11.5     The agreement set forth in this Section 11 does not constitute a concession by any Party that any documents are protected by the attorney-client privilege, the attorney work-product doctrine, or any other potentially applicable privilege. Nothing in this Section waives or limits any Party's right to challenge any privilege claim asserted with respect to any produced document, except as expressly stated herein. Nothing in this Section waives or limits any Party's right, before production, to review documents, ESI, or information (including metadata) for relevance, responsiveness, or the segregation of privileged or protected material.

12.    **MISCELLANEOUS**

12.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2     Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3     Filing Protected Material. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the Court, then the effect of the Court's ruling on the request is as set forth in Civil Local Rules 79-5(g).

13.    **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 5:25-CV-00642-NW

destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

*/s/ Katherine Lubin Benson*

Richard M. Heimann (S.B.N. 063607)
Katherine Lubin Benson (S.B.N. 259826)
Courtney J. Liss (S.B.N. 339493)
Nicole M. Rubin (S.B.N. 361232)
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
rheimann@lchb.com
kbenson@lchb.com
cliss@lchb.com
nrubin@lchb.com

Steven E. Fineman (S.B.N. 140335)
Daniel P. Chiplock (*pro hac vice*)
Nicholas Diamand (*pro hac vice*)
Gabriel A. Panek (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
sfineman@lchb.com
dchiplock@lchb.com
ndiamand@lchb.com
gpanek@lchb.com

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 5:25-CV-00642-NW

Julie Goldsmith Reiser (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, Suite 800
Washington, DC 20005
Telephone: (202) 408-4600
jreiser@cohenmilstein.com

Michael B. Eisenkraft (*pro hac vice*)
Benjamin F. Jackson (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
meisenkraft@cohenmilstein.com
bjackson@cohenmilstein.com

*Counsel for Lead Plaintiff NYC Funds and Co-Lead Counsel for the Proposed Class*


GIBSON, DUNN & CRUTCHER LLP

By: */s/ Brian M. Lutz*

Brian M. Lutz, SBN 255976
blutz@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200

Jessica Valenzuela, SBN 220934
jvalenzuela@gibsondunn.com
Jeffrey D. Lombard, SBN 285371
jlombard@gibsondunn.com
Sofia Ritala, SBN 342253
sritala@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301
Telephone: 650.849.5300

Colin B. Davis, SBN 273942
cdavis@gibsondunn.com
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
Telephone: 949.451.3800

*Counsel for Defendant Block, Inc.*

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 5:25-CV-00642-NW

SIMPSON THACHER & BARTLETT LLP

By: */s/ Jonathan K. Youngwood*

Jonathan K. Youngwood, SBN 350373
jyoungwood@stblaw.com
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA 94105
Telephone: 415-426-7300
Facsimile: 415-426-7301

*Counsel for Defendants Jack Dorsey and Amrita Ahuja*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____    _____
                                             Virginia K. DeMarchi
                                             United States Magistrate Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 5:25-CV-00642-NW

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [**date**] in the case of *Gonsalves v. Block, Inc. et al*, 5:25-cv-00642. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 5:25-CV-00642-NW