UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CORINNE GONSALVES, et al.,

                Plaintiffs,

        v.

BLOCK, INC., et al.,

                Defendants.

Case No.  25-cv-00642-NW (VKD)

**ORDER RE MAY 12, 2026 DISCOVERY DISPUTE RE PLAINTIFFS' DOCUMENT REQUESTS**

Re: Dkt. Nos. 148, 149, 172

Plaintiffs NYC funds ("plaintiffs") and defendants Block, Inc. ("Block"), Jack Dorsey, and Amrita Ahuja (collectively, "defendants") ask the Court to resolve their dispute regarding plaintiffs' demand for data and related information regarding publicly reported Cash App user metrics that plaintiffs contend misled investors.[1]  Dkt. No. 148.  On May 19, 2026, the Court held a hearing regarding this dispute.  Dkt. Nos. 157, 161.

Following the May 19, 2026 hearing, the Court ordered defendants to complete their proposed production of data and other information for the 17 months for which Block reported challenged account metrics, including specifically the information defendants described during the hearing.  Dkt. No. 158 at 1.  The Court ordered plaintiffs to review that production and to confer

---

[1] Block moves to seal portions of the discovery letter brief that Block says reveal sensitive features of Block's internal data architecture and data storage practices.  Dkt. No. 149.  Block states that this information is not generally known to the public or to Block's competitors, and that Block maintains this information as confidential in the ordinary course of its business.  *Id.*  As Block's sealing motion relates to a discovery matter, the good cause standard applies.  *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098-99 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 580 U.S. 815 (2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).  Good cause appearing, the Court grants Block's motion to seal.  All materials provisionally filed under seal shall remain sealed.

with defendants in an effort to resolve their dispute. *Id.* On June 18, 2026, at the Court's direction, the parties filed a report indicating that they disagree regarding the adequacy of defendants' production regarding the account metrics. Dkt. No. 172.

According to the status report, defendants produced the following information to plaintiffs: (1) number of monthly transacting actives, transacting actives connected to a verified identity, unique SSNs associated with verified accounts, and denylisted accounts counted as transacting actives; (2) identification of underlying data tables queried to provide these metrics, and complete field-level schema; and (3) the methodology used to generate the metrics, including specific queries. *Id.* at 3. Plaintiffs complain that defendants "did not produce the historical queries or [data] table cross-walks Block actually used" during the class period. *Id.* at 2. Plaintiffs now demand that defendants produce the following additional information:

1. the four summary metrics (transacting actives, verified, SSNs, and denylisted) for each month during the class period (67 months total);

2. monthly summary totals for five additional sub-categories:

    a.   individual device IDs;

    b.   IP addresses;

    c.   other hardware identifier(s);

    d.   bank account linked to Cash App account (yes/no); and

    e.   mailing address linked to account (yes/no)); and

3. the number of transacting active accounts that share information in sub-categories 2(a)-(e) with a previously denylisted account.

*Id.* In addition, plaintiffs state that they have "requested read-only access for specific fields that provide evidence relevant to the scope of fraudulent, illicit, or duplicative accounts," which request has been refused. *Id.* at 3. Defendants advise that via this request plaintiffs seek "direct access to raw data tables comprising 35 separate fields and tens of billions of rows of raw data." *Id.* at 4.

The record reflects that defendants produced the information they said they would produce at the May 19, 2026 hearing. *See* Dkt. No. 161 at 20:14-22:9, 24:12-26:9. The Court does not

United States District Court
Northern District of California

2

United States District Court
Northern District of California

understand what plaintiffs mean by "table cross-walks." The May 12, 2026 discovery dispute letter does not refer to any "cross-walks," and that term was not used by any party during the May 19, 2026 hearing. As for "historical queries," defendants indicated during the hearing that while Block has a record of these queries, the historical queries cannot be run against the historical data without some amount of reconstruction. *See id.* at 33:11-34:13. Moreover, it is not clear from the status report why plaintiffs now seek 67 months' worth of data and additional categories of information. This is understandable, as the parties were not permitted to include argument in the status report. *See* Dkt. No. 158.

Nevertheless, in view of the discussion at the May 19, 2026 hearing, and because defendants have offered to produce some further information to plaintiffs, the Court orders defendants to produce the following additional information:

1. a per-month breakdown of the denylisted transacting actives figure between (a) accounts denylisted during the reported month and (b) those denylisted previously;

2. summary metrics for three additional months: one challenged in the Complaint and two implicated by challenged year-over-year metric comparisons; and

3. the historical queries, in the form they were originally run, that Block used to generate the challenged metrics.

*See* Dkt. No. 172 at 4; Dkt. No. 161 at 33:11-34:13. Defendants must produce this material to plaintiffs no later than **July 10, 2026**, unless the parties stipulate to a different date. The Court will hold a further hearing regarding this dispute on **July 21, 2026 at 10:00 a.m.** If the parties have resolved the dispute, they shall so advise the Court before the July 21 hearing date.

**IT IS SO ORDERED.**

Dated: July 2, 2026

Virginia K. DeMarchi
United States Magistrate Judge

3