United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CORINNE GONSALVES, et al.,<br>Plaintiffs,<br>v.<br>BLOCK, INC., et al.,<br>Defendants. | Case No. 25-cv-00642-NW (VKD)<br><br>**ORDER RE AUGUST 11, 2026 DISCOVERY DISPUTE RE WORK PRODUCT**<br><br>Re: Dkt. No. 207 |

The parties ask the Court to resolve their dispute regarding whether defendant Block, Inc. ("Block") may subpoena certain documents and communications exchanged between plaintiff NYC Funds' counsel and Block's former employees, or whether those documents and communications are protected from disclosure by the attorney work product doctrine. Dkt. No. 207. The Court held a hearing on this dispute on August 18, 2026. Dkt. No. 210. The Court grants plaintiff's request for a protective order.

## I. BACKGROUND

On June 18, 2025, lead plaintiff NYC Funds filed a First Amended Consolidated Class Action Complaint ("FAC") against defendant Block and two individual directors and officers, Jack Dorsey and Amrita Ahuja, alleging that defendants made materially false and misleading statements regarding Cash App's compliance programming, which led to a series of enforcement actions and a substantial drop in Block's stock price. Dkt. No. 106. In the course of investigating the claims asserted in the FAC, plaintiff's counsel and its investigators communicated with nine former employees of Block, and the FAC includes factual allegations based on information counsel obtained from these former employees. Dkt. No. 207 at 2, 5. At the hearing, plaintiff's

United States District Court
Northern District of California

counsel stated that they continued to investigate the claims after filing the FAC, including communicating further with the former employees. Dkt. No. 210.

On July 27, 2026, Block served notice of document subpoenas directed to the nine, non-party former employees. Dkt. No. 207 at 2. The subpoenas include the same 10 document requests. *See* Dkt. No. 207-1. Plaintiff objects that the following document requests seek disclosure of documents and communications protected by the work product doctrine:

> RFP 1: All Documents provided to and Communications with Lead Plaintiff's Counsel Concerning Defendants, the Complaint, or the Action. The relevant time period for this Request is January 1, 2025 through the present.
>
> RFP 2: All Documents provided to and Communications with Investigators Concerning Defendants, the Complaint, or the Action. The relevant time period for this Request is January 1, 2025 through the present.
>
> RFP 5: All Documents and Communications concerning when and how You first became aware of any of the alleged facts described in the Complaint.
>
> RFP 6: All Documents and Communications Concerning any statement, quotation, factual assertion, recollection, or characterization attributed to You in the Complaint.

*Id.*; Dkt. No. 207 at 2. Plaintiff asks the Court to enter a protective order prohibiting defendants from obtaining plaintiff's counsel's or its investigators' communications with the former employees. Dkt. No. 207 at 5. Defendants oppose this request, arguing that the documents and communications at issue do not qualify for work product protection and, even if they did, such protection has been waived. *Id.* at 6-7. In addition, defendants assert that the documents and communications should be produced based on defendants' "substantial need" for these materials. *Id.* at 7-8.

## II. LEGAL STANDARD

The attorney work product doctrine protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation or for trial. Fed. R. Civ. P. 26(b)(3); *United States v. Sanmina Corp.*, 968 F.3d 1107, 1119 (9th Cir. 2020) (citation omitted). "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a

privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975). The doctrine protects both "material prepared by agents for the attorney as well as those prepared by the attorney himself," *id.* at 238-39, and its primary purpose is to "prevent exploitation of a party's efforts in preparing for litigation," *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir. 1989). Typically, work product protection extends to interview notes, memoranda, summaries, and analyses, as well as to verbatim witness statements. *See Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *Hatamian v. Advanced Micro Devices, Inc.*, No. 14-cv-00226-YGR (JSC), 2016 WL 2606830, at *3 (N.D. Cal. May 6, 2016). A party asserting work product protection bears the burden of demonstrating that the protection applies. *See, e.g., Visa U.S.A., Inc. v. First Data Corp.*, No. 02-cv-01786 JSW (EMC), 2004 WL 1878209, at *5 (N.D. Cal. Aug. 23, 2004).

The protections afforded by work product doctrine are not absolute. An express or voluntary disclosure of work product waives the protection where such disclosure is made to an adversary in litigation or where the disclosure is made in a manner that substantially increases the opportunities for potential adversaries to obtain the work product. *Nobles*, 422 U.S. at 239; *Sanmina*, 968 F.3d at 1121 (citing 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2024 (3d ed. 2020)); *see also Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007) ("[T]he work-product privilege may be waived by disclosure to third parties which results in disclosure to an adversary party."). Work product protection may also be waived implicitly by putting the protected work product at issue, such as by asserting claims that the opposing party cannot adequately dispute unless it has access to that protected work product. *See Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162-63 (9th Cir. 1992); *see also Sanmina Corp.*, 968 F.3d at 1124 ("While we are generally guided by the same fairness principle underlying waivers by implication in the attorney-client privilege context, the overriding concern in the work-product context is not the confidentiality of a communication, but the protection of the adversary process."). Moreover, even if the protection is not waived, work product may be discoverable if the materials meet the requirements of Rule 26(b)(1) and if the party seeking production shows a "substantial need for

the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). Upon such a showing, a court must nevertheless "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation," Fed. R. Civ. P. 26(b)(3)(B).

**III. DISCUSSION**

The Court first considers whether work product protection applies to the documents and communications at issue; then considers whether any such protection has been waived; and finally, considers whether defendants have shown a "substantial need" for any protected materials.

**A. Whether Work Product Protection Applies**

As confirmed at the hearing, the parties agree that the underlying facts pertinent to plaintiff's claims and defenses, including the specific facts alleged in the FAC, are not protected from disclosure by the work product doctrine. *See* Dkt. No. 207 at 2, 7; Dkt. No. 210. However, RFPs 1 and 2 of the subpoena do not ask simply for documents pertaining to certain facts or relevant subject matter categories; rather, these requests are framed principally with reference to "documents" the former employees "provided to" lead plaintiff's counsel or their investigators and "communications exchanged with" lead plaintiff's counsel or their investigators. *See* Dkt. No. 207-1 (RFPs 1 and 2). Although RFPs 5 and 6 are not drafted in the same way, defendants acknowledge that, like RFPs 1 and 2, RFPs 5 and 6 encompass the former employees' communications with lead plaintiff's counsel. *See id.* at 7.

To the extent defendants seek discovery of (1) documents provided by the former employees to lead plaintiff's counsel or their investigators in the course of counsel's investigation of the case, and (2) communications between the former employees and lead plaintiff's counsel or their investigators in connection with that investigation, the Court concludes that such documents and communications are protected from disclosure by the attorney work product doctrine for the reasons explained by Judge Corley in *Hatamian,* 2016 WL 2606830, at *6 ("The touchstone appears to be whether the communications at issue constituted interview correspondence for the purposes of witness development."); *see also In re BofI Holding, Inc. Sec. Litig,*, 15-cv-2324-

GPC-KSC, 2021 WL 3700749, at *6 (S.D. Cal. July 27, 2021); *Schoenmann v. FDIC*, 7 F. Supp. 3d 1009, 1014 (N.D. Cal. 2014). As in *Hatamian*, former employees' communications with counsel and the selection of documents to provide to counsel appear to reflect or constitute counsel's investigation in preparation for filing the FAC, as well as counsel's efforts to further investigate plaintiff's claims after the FAC was filed. Disclosure of these materials to defendants would permit them to "exploit[] . . . [plaintiff's] efforts in preparing for litigation," contrary to the primary purpose of the work product doctrine. *Admiral Ins.*, 881 F.2d at 1494; *see also Sanmina Corp.*, 968 F.3d at 1124 ("[T]he overriding concern in the work-product context is not the confidentiality of a communication, but the protection of the adversary process.").

To be sure, with respect to "documents provided to" counsel, the documents themselves are not protected. However, to the extent defendants effectively request a curated set of documents, defined in the first instance by the fact that they were provided to plaintiff's counsel, the document requests seek protected material. The same is true for "communications exchanged" with counsel. The information shared by the former employees in these communications is not protected, but to the extent defendants seek production of the communications themselves, the document requests seek protected material.

As discussed at the hearing, this problem can be addressed by appropriate modifications to defendants' document requests.

### B. Whether Work Production Protection Has Been Waived

Defendants argue that whatever work product protection applies has been waived because lead plaintiff's counsel chose to communicate with the former employees without a confidentiality agreement, and because plaintiff put the communications at issue in the FAC. Dkt. No. 207 at 6. The Court disagrees with both arguments.

First, there is no indication that plaintiff's counsel has expressly waived their work product—i.e. communications with former employees—by disclosing that work product to others in a manner that substantially increases the opportunities for potential adversaries to obtain it. As noted above, the fact that the former employees shared information with counsel does not mean that the information itself is protected, and defendants are free to obtain discovery of that

United States District Court
Northern District of California

information. Only the specific communications between counsel and former employees are protected and, so far as the record reflects, those communications have not been disclosed to defendants or others.

Second, there is no indication that plaintiff's counsel has implicitly waived their work product by putting it at issue in the case. While the underlying facts supporting plaintiff's claims and the statements attributed to the former employees in the FAC are certainly at issue, counsel's communications with the former employees are not. In other words, *the fact that* certain information was shared by the former employees with plaintiff's counsel is not relevant to any claim or defense at this time. *See, e.g., Hatamian,* 2016 WL 2606830, at *3 (observing that "including [witness] statements in the complaint cannot be deemed waiver or there would be no point to using confidential witnesses" to meet the heightened pleading standard of the PSLRA).

For these reasons, the Court finds that plaintiff's counsel has not waived their work product protection.

### C. Whether Defendants Have a Substantial Need

Defendants argue that, in any event, they require production of work product materials because they have a substantial need to know "which allegations [in the FAC] are attributed to which [former employee]" so that they can adequately prepare for depositions, assess whether plaintiff "accurately characterized" the information the former employees provided, and assess whether the former employees provided other information to plaintiff's counsel "that may undermine" the allegations in the FAC. Dkt. No. 207 at 7. Plaintiff responds that defendants already know the identities of the former employees and do not require plaintiff's counsel's work product materials to prepare for the employees' depositions. *Id.*at 4.

The Court is not persuaded that defendants have shown a substantial need for disclosure of plaintiff's counsel's work product. Defendants know who the former employees are. They can readily assess the accuracy of the FAC's allegations by obtaining documents relevant to those allegations and questioning the former employees about the pertinent facts and any other facts that might undermine plaintiff's claims. As explained above, counsel's preparation of the FAC is not presently at issue in the case, and defendants cannot credibly assert a substantial need to explore

that preparation in discovery. *See Hatamian*, 2016 WL 2606830, at *6 ("Courts often find no substantial need for otherwise protected materials where the requesting party has the opportunity to depose the witness about his earlier statements.").

Accordingly, defendants have not shown a substantial need for discovery of counsel's work product.

## IV. CONCLUSION

For the reasons explained above, the Court grants plaintiff's request for a protective order regarding RFPs 1, 2, 5 and 6 in the document subpoenas directed to the former employees.

**IT IS SO ORDERED.**

Dated: August 27, 2026

Virginia K. DeMarchi
United States Magistrate Judge